**Thomas Edward JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60694.**

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 23, 1981.

Charles L. Caperton, Dallas, for appellant.

Henry M. Wade, Dist. Atty., William M. Lamb and Jerry Muller, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

Appellant was convicted in a trial before the court in Dallas County for possession of marihuana under four ounces upon his plea of not guilty. Punishment was assessed at thirty days in jail, probated, and a $100.00 fine.

Appellant contends the evidence is insufficient to prove he knowingly and intentionally possessed the marihuana. We agree. The testimony of the officer showed that appellant and his brother were stopped and that the marihuana was found hidden, not in sight, in the car. Appellant was the driver. There was no evidence who owned the car. No marihuana was found on appellant. Nothing indicated that appellant was under the influence of marihuana nor was the odor of marihuana noticeable in or around the car. The appellant made no furtive gestures under the seat.

This case is strikingly similar to *Presswood v. State*, 548 S.W.2d 398 (Tex.Cr.App. 1977). There the marihuana was found in the glove compartment. The defendant was the driver. There was no evidence who owned the car. There was a passenger in the car. No marihuana was found on the defendant; there was no odor of marihuana and the defendant was not under the influ-

ence of marihuana. This Court held that the evidence was insufficient to prove the defendant knowingly or intentionally possessed the marihuana. See also, *Olguin v. State*, 601 S.W.2d 941 (Tex.Cr.App.1980); *Heltcel v. State*, 583 S.W.2d 791 (Tex.Cr. App.1979); *Morr v. State*, 587 S.W.2d 711 (Tex.Cr.App.1979).

Since there is insufficient evidence to show possession, we need not address appellant's contention that there was not probable cause to arrest appellant and search the car.

The judgment is reversed and remanded to the trial court with instructions to enter a judgment of acquittal.