Troy Zayne GORDON, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–84–182CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 3, 1985.

Rehearing Denied Jan. 24, 1985.

David P. Zavoda, Houston, for appellant.

John B. Holmes, Dist. Atty., Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ROBERTSON, Justice.

The jury rejected appellant's plea of not guilty to the misdemeanor offense of possession of marijuana and assessed punishment at six months confinement, to be probated, and $500.00 fine. Three grounds of error on appeal relate to the jury charge and sufficiency of the evidence. We affirm.

During the day that Hurricane Alicia struck Houston, Deputy Constable Deltz, while on patrol at about 1:20 a.m., observed appellant's automobile on Kirkwood Drive. Deltz's attention was attracted not only because this was the only vehicle seen by him on the streets in this vacinity but also because appellant's car was travelling at an excessive speed for the then existing weather conditions. Deltz pursued the vehicle with his overhead lights flashing and his spotlight shining, but appellant continued to travel for a distance of a quarter mile. During the pursuit, Deltz observed three persons in the car and he saw appellant, the driver, making furtive gestures, which he described as "... leaning under the seat, leaning towards the front of the seat." Additionally, the passenger in the back seat was "slumped down in the vehicle like he was leaning up against the back of the seat ..."

After appellant stopped his vehicle, Deltz ordered all three persons out of the automobile. He then searched the automobile out of concern for his own safety and because of the automobile occupant's conduct during his pursuit. Under the driver's seat, he observed a hand towel, a cassette

recorder, and a brown bag. The bag was toward the rear of the driver's seat but within the rails on which the driver's seat rested. Deltz removed the bag and upon opening it, he observed "four plastic bags full of a green leafy substance." The appellant and the two occupants were arrested for public intoxication. None of the occupants of the vehicle claimed ownership of the marijuana.

Appellant, in his first ground of error, asserts the evidence was insufficient for conviction of the offense. He argues that the constable failed to determine who owned the vehicle and that the facts fail to "prove that there is an affirmative link between the accused and the drug", relying on *Johnson v. State*, 625 S.W.2d 330 (Tex. Crim.App.1981) and *Harvey v. State*, 487 S.W.2d 75 (Tex.Crim.App.1972). We disagree. In *Johnson*, the court found the evidence insufficient to show possession of drugs hidden in the auto and specifically noted the absence of furtive gestures or evidence of the vehicle's ownership. In *Harvey*, the defendant was a passenger seated in the right rear of the vehicle. His furtive gestures were towards drug paraphernalia in the rear of the car where he was seated. The marijuana of which he was charged with possessing was located on the dashboard in front of the driver's seat, and there was a total absence of evidence connecting him to it.

In this case, appellant was the driver of the vehicle and the marijuana was located under his seat. When the constable attempted to stop appellant, he fled and was observed making the furtive gestures towards the area where the marijuana was located. Possession need not be exclusive, and evidence which shows the accused jointly possessed the contraband with another is sufficient. *Harvey*, 487 S.W.2d at 77. We find the evidence sufficient to support the conviction. Appellant's first ground of error is overruled.

In his second ground of error, appellant alleges that the charge to the jury was a comment on the weight of the evidence.

The portion of the charge to which appellant objected was:

> In order for a conviction for marihuana to be sustained, possession need not be exclusive in the defendant. Therefore, you are charged that the defendant, Troy Zayne Gordon, can be found guilty of the offense of possession of marihuana if you believe beyond a reasonable doubt that he committed the offense, and not be in exclusive possession of the alleged contraband.

> You are further charged that the mere presence of the defendant at a place where the alleged contraband is possessed does not, in itself, justify a finding that he is guilty of possession of marihuana. Therefore, if you believe beyond a reasonable doubt that the defendant was in the car where the alleged contraband was possessed, you are instructed that the defendant's mere presence, if you so find, in and of itself is not enough to sustain a conviction for the offense of possession of marihuana.

Earlier in the charge, the court had instructed the jury:

> By the term "possession," as used herein, is meant the care, custody, control and management of the controlled substance, if any, in question.

> Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control.

We are unable to agree that the above charge constituted a comment on the weight of the evidence. Indeed, the charge, viewed as a whole, was favorable to the appellant. While the jury was instructed that possession need not be exclusively in the defendant, they were instructed that to find him guilty they had to believe beyond a reasonable doubt that appellant committed the offense. The jury was further warned not to convict appellant because he was present at a place where the contraband was found. Appellant's second ground of error is overruled.

In his third ground of error, appellant asserts the trial court erred in failing to submit his requested charge that "where the defendant ... was not in exclusive control of the car in which the contraband was found, if any, it could not be concluded that [he] had knowledge or control of the marijuana, if any, unless there are additional facts or circumstances that affirmatively link [him] to the marijuana." This requested instruction singled out favorable testimony to himself and, as such, constituted a comment on the weight of the evidence. *Hawkins v. State*, 656 S.W.2d 70, 72 (Tex. Crim.App.1983). The charge furthermore assumed disputed fact issues. Therefore, the appellant's requested charge was properly refused. Appellant's third ground of error is overruled.

Affirmed.