Ramon SOLIZ, Appellant,

v.

**STATE of Texas, Appellee.**

**No. 13–84–105–CR.**

Court of Appeals of Texas,
Corpus Christi.

March 14, 1985.

Ricardo DeAnda, Laredo, for appellant.

Robert E. Bell, Dist. Atty., Edna, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of possession of marihuana, to wit: more than five pounds, but less than fifty pounds. The jury found the defendant, Ramon Soliz, guilty and assessed punishment at ten years' confinement in the Texas Department of Corrections and a fine of $10,-000.00. Timely notice of appeal was given. Appellant was represented at trial and on appeal by retained counsel.

The record is before us without a transcription of the court reporter's notes or any bills of exception. No designation specifying matters for inclusion in the appellate record appears in the transcript. *See* TEX.CODE CRIM.PROC.ANN. art. 40.09(2) (Vernon Supp.1982–83). No pauper's affidavit was filed as prescribed by Article 40.09(5) which would entitle appellant to a free copy of the transcription of the court reporter's notes. No objections were made to the appellate record as permitted by art. 40.09(7). Appellant's brief was due in this Court on or before June 6, 1984, and no brief was filed.

Appellant's counsel was notified of the completion and approval of the transcript and that this case was docketed in this Court.

We note that, on June 18, 1984, appellant's motion to dismiss the appeal was filed in this Court. Appellant's counsel was notified by the Court that his motion to dismiss did not comply with Art. 44.08, which requires that such withdrawal be signed by the defendant. We have requested that appellant's counsel file an amended motion with the defendant's signature affixed thereon in compliance with Art. 44.08, if he intended to pursue withdrawal of his appeal. On January 15, 1985, appellant's counsel notified this Court that he has diligently sought to contact the defendant in order to obtain his signature on the amended motion to dismiss the appeal, but has been unable to contact his client. Appellant's counsel further advised this Court that he knows of no other way by which the defendant may be contacted. On January 18, 1985, the Court again notified appellant's counsel that, absent such amended motion to dismiss, the case would be set for submission before the Court.

Appellant's counsel was advised of the submission date in accordance with TEX.R. CRIM.APP.P. 204. There is nothing but the transcript that is presented for review. *See Zamora v. State*, 568 S.W.2d 355, 356 (Tex.Crim.App.1978); *Robinson v. State*, 661 S.W.2d 279 (Tex.App.—Corpus Christi 1983, no pet.). We have reviewed this record for fundamental error and find none.

Appellant's motion to dismiss appeal is denied, and the judgment of the trial court is accordingly AFFIRMED.

AFFIRMED.