**Rito ZERTUCHE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–239–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 8, 1989.

Rehearing Denied Aug. 31, 1989.

Discretionary Review Refused
Oct. 4, 1989.

Juan Martinez Gonzales, Beeville, for appellant.

C. F. Moore, Dist. Atty., Beeville, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

A jury found appellant guilty of unlawful possession of cocaine and assessed punishment at three years' confinement in the Texas Department of Corrections and a one thousand dollar fine. Appellant brings forth five points of error. We reverse the conviction.

On March 4, 1988, at 4 a.m., police officers observed appellant driving ninety-seven miles per hour in a fifty mile per hour zone. The officers pursued appellant and pulled up behind him when he stopped in a dimly lit parking lot. Appellant exited the vehicle and, leaving his car door open, walked toward the officer. While talking to the appellant, the officer noticed that appellant was swaying, had bloodshot eyes, and smelled of alcohol. The officer suspected that appellant was intoxicated and, leaving appellant in the custody of another officer, approached the vehicle containing

five remaining passengers, one seated in the right front passenger seat and four seated in the rear. While talking to the passenger in the front seat, the officer noticed that this passenger also had a strong odor of alcohol on his breath. Believing him to be intoxicated, the officer asked him to exit the vehicle and administered a field sobriety test. After the test, the officer arrested the passenger for public intoxication and conducted a pat search which revealed a bag of cocaine in his pocket. The officer then proceeded to administer a field sobriety test to appellant, and appellant failed. While placing appellant under arrest for driving while intoxicated, the officer conducted a pat search in which no contraband was found.

By this time, additional police officers had arrived at the scene. These officers removed the four remaining passengers from the vehicle and placed them under arrest for public intoxication. Three of the four passengers were females and were never searched, either at the scene or at the police station, while the male passenger was searched, and no contraband was found on his person.

Shortly thereafter, the officers searched the vehicle and discovered three straws on the right front floorboard and two straws on the right rear floorboard. These straws contained cocaine residue. The car was registered in the name of Julia M. Zertuche, the appellant's mother.

Appellant was charged with possession of the cocaine residue that was found on the straws.

Appellant contends that the trial court erred in overruling his motion to suppress evidence on the ground that the cocaine constitutes the fruit of an illegal search. Tex.Code Crim.Proc.Ann. art. 38.23 (Vernon 1979).

■■■ If there is probable cause to believe that a vehicle contains contraband, a valid search may be conducted of the vehicle, regardless of the distance of the accused from the vehicle. *Law v. State*, 574 S.W.2d 82 (Tex.Crim.App.1978). Further, when the driver of a vehicle who has been

stopped for a traffic offense appears to be under the influence of an intoxicant, the officer may search the vehicle for liquor or drugs. *Parker v. State,* 576 S.W.2d 613, 614 (Tex.Crim.App.1979), *quoting Corbitt v. State,* 445 S.W.2d 184 (Tex.Crim.App. 1969).

■ It is undisputed that the initial stop of appellant was valid, and once he was stopped and placed under arrest, the officer was justified in searching the vehicle incident to appellant's arrest. *Parker,* 576 S.W.2d at 614. Moreover, when a vehicle is being properly impounded, a police officer may conduct an inventory search of the vehicle. *See Guillett v. State,* 677 S.W.2d 46 (Tex.Crim.App.1984); *Stephen v. State,* 677 S.W.2d 42 (Tex.Crim.App.1984).

Under either theory, search incident to arrest or search as an inventory, the police were justified in searching appellant's vehicle without first obtaining a search warrant. The trial court did not err in denying appellant's motion to suppress. Point five is overruled.

■ By his fourth point of error, appellant asserts that it was error for the trial court to deny appellant's motion to include an instruction on circumstantial evidence in the court's charge to the jury. Such a charge is no longer required in Texas when a proper charge is given on the standard of proof for criminal convictions,[1] as was done here. *Hankins v. State,* 646 S.W.2d 191, 197 (Tex.Crim.App.1981) (on rehearing). The trial court did not err in denying appellant's motion. Point four is overruled.

Appellant's second and third points of error concern the jury argument. There are four areas within which jury argument must fall in order to be proper: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Brown v. State,* 692 S.W.2d 497, 502 (Tex.Crim.App.1985); *Moreno v. State,* 678 S.W.2d 249, 252 (Tex.App. —Corpus Christi 1986, pet. ref'd.).

■ First, appellant urges that the trial court committed error by overruling appellant's objection and motion for mistrial based upon the prosecutor's comment, during closing argument, concerning appellant's failure to testify. The alleged improper jury argument follows:

PROSECUTOR: Counsel just got through telling you that we did not show what the defendant's state of mind was. Remember when he said that? Well, how can I possibly show you what his state of mind is? He exercised his right to remain silent.

DEFENSE COUNSEL: I am going to object, Your Honor. He stated that the defendant did not testify in this case, contrary to what the Court's charge is.

THE COURT: Overruled.

On its own, the prosecutor's remark appears to be an improper statement regarding appellant's failure to testify. However, prior to the State's argument, defense counsel argued the following:

DEFENSE COUNSEL: The State must prove it, through evidence, that this man was in control and had knowledge that he was in control of a controlled substance and had the intent to possess it. How can they tell you about his intent when only a person, only you, yourself, in your mind, your only intent, how can they say he had the intent to possess it when there is no evidence of his mental state, no evidence at all?

Generally, a prosecutor's comment on the accused's failure to testify offends both our state and federal constitutions. *Losada v. State,* 721 S.W.2d 305, 313 (Tex.Crim. App.1986). It also violates Tex.Code Crim. Proc.Ann. art. 38.08 (Vernon 1979). *Barnes v. State,* 716 S.W.2d 684, 685 (Tex. App.—Corpus Christi 1986, pet. ref'd). However, a prosecutor's closing argument which refers to the defendant's failure to testify is permissible when it is invited by defense counsel's closing argument. *Sorenson v. State,* 709 S.W.2d 321, 323 (Tex. App.—Texarkana 1986, no pet.); *see Rushton v. State,* 698 S.W.2d 451 (Tex.App.— Corpus Christi 1985, pet. dism'd), *cert. denied,* 484 U.S. 862, 108 S.Ct. 178, 98

---

**1.** The State must establish all elements of the offense beyond a reasonable doubt.

L.Ed.2d 131 (1987); *see also Porter v. State*, 601 S.W.2d 721, 723 (Tex.Crim.App. 1980).

Here, the prosecutor's remarks, which might ordinarily be improper, were made in a response to argument of opposing counsel and thus were invited by defense counsel's statements regarding appellant's state of mind. The trial court did not err in overruling appellant's objection and denying appellant's motion for mistrial.

■ Second, appellant complains that the prosecutor attacked defense counsel, during closing argument, by responding to defense counsel's exhibit as a "gross misstatement of the law."

It is appellant's duty to insure that the record contains all materials necessary for appellate review. *See McGlynn v. State*, 704 S.W.2d 18, 19 (Tex.Crim.App.1986) (on rehearing); *Franklin v. State*, 693 S.W.2d 420, 431 (Tex.Crim.App.1985), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986); *Soliz v. State*, 693 S.W.2d 518, 519 (Tex.App.—Corpus Christi 1985, no pet.). Because the exhibit was neither introduced into evidence nor its contents disclosed in the statement of facts, we are unable to review the propriety of the prosecutor's statement. Appellant's second and third points of error are overruled.

Finally, appellant contends that the evidence was insufficient to show that the appellant knowingly and intentionally possessed cocaine as alleged in the indictment. We agree.

In prosecutions for possession of a controlled substance, the State has the burden of establishing an affirmative link between the accused and the contraband. *Payne v. State*, 480 S.W.2d 732 (Tex.Crim.App.1972). Specifically, the State must prove that the accused exercised care, control and management over the substance and that he actually knew he possessed contraband. *Woolridge v. State*, 514 S.W.2d 257, 258 (Tex.Crim.App.1974); *Payne*, 480 S.W.2d at 734. Although these links may properly be established through circumstantial evidence, the evidence must be sufficient to exclude a reasonable hypothesis of possession by others. *Baltazar v. State*, 638

S.W.2d 130, 131 (Tex.App.—Corpus Christi 1982, no pet.).

When evaluating the sufficiency of the evidence in cases where contraband is discovered in an automobile, Texas courts have recognized several specific facts that tend to establish a sufficient link between the contraband and the accused, such as: (1) the defendant's ownership of the vehicle, *Johnson v. State*, 625 S.W.2d 330 (Tex.Crim.App.1981); *Olguin v. State*, 601 S.W.2d 941, 943 (Tex.Crim.App.1980); *Morr v. State*, 587 S.W.2d 711, 713 (Tex. Crim.App.1979); *Presswood v. State*, 548 S.W.2d 398, 399 (Tex.Crim.App.1977); *Acosta v. State*, 752 S.W.2d 706, 708 (Tex. App.—Corpus Christi 1988, pet. ref'd); *Villarreal v. State*, 703 S.W.2d 301, 305 (Tex. App.—Corpus Christi 1985, no pet.); (2) the defendant's sole access to the vehicle, *Humason v. State*, 728 S.W.2d 363, 366 (Tex. Crim.App.1987); *Baltazar*, 638 S.W.2d at 132; *Nickerson v. State*, 645 S.W.2d 888, 892 (Tex.App.—Dallas), *aff'd*, 660 S.W.2d 825 (Tex.Crim.App.1983); (3) the defendant's sole occupancy of the vehicle at the time the contraband is discovered, *Humason*, 728 S.W.2d at 366; (4) the defendant's furtive gestures toward the contraband, *Johnson*, 625 S.W.2d at 330; *Heltcel v. State*, 583 S.W.2d 791; 792 (Tex.Crim.App. 1979); *Winter v. State*, 725 S.W.2d 728, 731 (Tex.App.—Houston [1st Dist.] 1986, no pet.); *Nickerson*, 645 S.W.2d at 892; (5) the defendant's attempt to escape or the defendant's making of incriminating statements, *Winter*, 725 S.W.2d at 731; (6) the defendant's intoxication by use of the contraband, *Johnson*, 625 S.W.2d at 330; *Presswood*, 548 S.W.2d at 400; *Baltazar*, 638 S.W.2d at 132; *Winter*, 725 S.W.2d at 731; (7) the defendant's possession of additional contraband on his person, *Johnson*, 625 S.W.2d at 330; *Heltcel*, 583 S.W.2d at 792; *Presswood*, 548 S.W.2d at 400; *Baltazar*, 638 S.W.2d at 132; (8) the defendant's access to the contraband, *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App.1981); *Morr*, 587 S.W.2d at 132; *Baltazar*, 638 S.W.2d at 132; (9) the defendant's fingerprints on the contraband, *Baltazar*, 638 S.W.2d at 132; (10) the defendant's plain

view of the contraband, *Humason*, 728 S.W.2d at 267; *Deshong*, 625 S.W.2d at 329; *see Oaks v. State*, 642 S.W.2d 174, 177 (Tex.Crim.App.1982); (11) the defendant's awareness of the presence of the contraband, *Humason*, 728 S.W.2d at 367; (12) the quantity of the contraband recovered, *Nickerson*, 645 S.W.2d at 892; and (13) the location of the contraband, either in the trunk of the vehicle or in the passenger compartment, *Acosta*, 752 S.W.2d at 708; *Villarreal*, 703 S.W.2d at 305.

■ In cases involving circumstantial evidence, a conviction cannot be sustained if the circumstances do not exclude every reasonable hypothesis except that of the guilt of the defendant; strong suspicions or mere probabilities are not sufficient. *Humason*, 728 S.W.2d at 366, *quoting, Moore v. State*, 640 S.W.2d 300 (Tex.Crim.App. 1982). When viewing the facts surrounding the case in light most favorable to the verdict, *Combs v. State*, 643 S.W.2d 709, 716 (Tex.Crim.App.1982); *Westfall v. State*, 663 S.W.2d 664, 666 (Tex.App.—Corpus Christi 1983, pet. ref'd), we find the evidence insufficient to support appellant's conviction.

Although he quickly exited the vehicle, appellant made no furtive gestures toward the contraband. Appellant neither attempted to escape nor did he make any incriminating statements. While recognizing that appellant was allegedly under the influence of alcohol, we find no evidence showing he was under the influence of cocaine. No cocaine was found on the appellant's person when he was searched by the police. The contraband was found on the right floorboards of the vehicle and was not conveniently accessible to the appellant. No evidence was presented regarding fingerprints on the cocaine straws. Although the straws may have been in plain view, the cocaine residue found in the straws presumably was not.[2] There was no evidence presented at trial that appellant knew of the presence of the cocaine.

Finally, the cocaine was found in the passenger compartment of the vehicle, not in the trunk where appellant arguably could have maintained exclusive control.

The evidence does not exclude the reasonable hypothesis that someone other than the appellant possessed the contraband. Based upon the evidence presented at trial, the trier of fact could not conclude beyond a reasonable doubt that the appellant knowingly and intentionally possessed the cocaine. The judgment is REVERSED, and the cause remanded to the trial court for entry of an acquittal.

---

2. On cross-examination, the State's expert witness testified that, although impractical to scrape the cocaine residue out of the straws and put it on a balance and weigh it, the total weight of all residue was approximately one milligram. Further, he testified that it would be visible if placed on the end of a pocket knife blade. However, no testimony was presented tending to show that, from appellant's position in the automobile, the cocaine residue could be seen.