NUMBER 13-00-700-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI


___________________________________________________________________

JULIO HERNANDEZ, Appellant,

v.

THE STATE OF TEXAS, Appellee.

__________________________________________________________________

On appeal from the 105th District Court of Nueces County, Texas.


_________________________________________________________________

O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Yañez


A jury convicted appellant, Julio Hernandez, of unlawful possession of a firearm by a felon. Tex. Pen. Code Ann. §46.04
(Vernon 1994). Punishment was assessed by the trial court at five years confinement. We affirm. 

Background

On June 16, 2000, Corpus Christi Police Officer James McCarty was dispatched to an area where a man was reportedly
waving a gun inside a car. Officer McCarty identified a blue Cavalier matching the description and license plates reported
and pulled the vehicle over at a convenience store. The three occupants immediately began to get out of the car; however,
Officer McCarty asked them to remain inside the car. He told the occupants that there had been a report of someone
waving a gun inside the car and asked whether they had a gun in the car. All three occupants denied having a gun inside
the car and denied that there had been any waving of a gun inside the car. Once the backup police officers arrived, all three
occupants were ordered out of the car and were patted down, but no weapons were found. Officer McCarty then requested
consent from Richard Trevino, the driver of the car, to search the vehicle but Trevino denied consent. Officer McCarty
decided to walk around the car and look through the windows of the car while using a flashlight. He observed what he
knew to be a hammer of a firearm visible under the passenger's seat of the car where appellant had been sitting. He entered
the car and pulled a handgun from underneath the passenger's seat and left it laying on the floorboard. Officer McCarty
asked Trevino about the handgun, but although Trevino did not claim ownership of the gun, he stated that the handgun was
there for his protection. Officer McCarty arrested appellant, who was the occupant sitting in the passenger seat where the
handgun was found, for the unlawful possession of a firearm. In one point of error, appellant challenges the legal
sufficiency of the evidence to support his conviction. Appellant does not challenge that he is a convicted felon; however,
appellant does challenge the possession of a firearm. Appellant asserts that the State did not present any evidence
affirmatively linking appellant to the handgun.

Standard of Review 


When we review the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The
standard is the same for cases based on both direct and circumstantial evidence. Earhart v. State, 823 S.W.2d 607, 616
(Tex. Crim. App. 1991); Rosillo v. State, 953 S.W.2d 808, 811 (Tex. App.--Corpus Christi 1997, pet. ref'd). We measure
the legal sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge,
which accurately sets out the law, is authorized by the indictment, and does not unnecessarily increase the State's burden. 
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Cano v. State, 3 S.W.3d 99, 105 (Tex. App.--Corpus Christi
1999, pet. ref'd). The jury, as the sole judge of the credibility of the witnesses and the weight to be given their testimony, is
free to accept or reject all or any part of the testimony of any witness. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon
1994); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). This Court is not to reevaluate the weight and
credibility of the evidence, but only to ensure that the jury reached a rational decision. Corpus v. State, 30 S.W.3d 35, 37
(Tex. App.--Houston [14th Dist.] 2000, pet. ref'd); Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993); Moreno
v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). Therefore, the judgment may not be overturned unless it is
irrational or unsupported by proof beyond a reasonable doubt. Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.
1991). 

Discussion

To convict a person of unlawful possession of a firearm, the State must prove that the person exercised actual care, control,
custody, or management over the firearm. Tex. Pen. Code Ann. §1.07(a)(39) (Vernon 1994). The penal code provides
that: 

(a) A person who has been convicted of a felony commits an offense if he possesses a firearm: (1) after the conviction and
before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's
release from supervision under community supervision, parole, or mandatory supervision, whichever date is later. 

Tex. Pen. Code Ann. §46.04 (Vernon 1994).

We analyze the sufficiency of the evidence in cases involving possession of a firearm by a felon under the rules adopted for
determining the sufficiency of the evidence in cases of possession of a controlled substance. Corpus v. State, 30 S.W.3d
35, 37 (Tex. App.--Houston [14th Dist. ] 2000, pet. ref'd); Young v. State, 752 S.W.2d 137, 140 (Tex. App.--Dallas 1988,
pet. ref'd) (citing Christian v. State, 686 S.W.2d 930, 932 (Tex. Crim. App. 1985)). Therefore, the State must prove that
appellant knew of the weapon's existence and that he exercised actual care, custody, control, or management over it. 
Corpus, 30 S.W.3d at 38; Ramirez v. State, 897 S.w.2d 428, 436 (Tex. App.--El Paso 1995, no pet.); Vela v. State, 681
S.W.2d 739, 740 (Tex. App.--Houston [14th Dist.] 1984, pet ref'd). The control need not be exclusive, but can be jointly
exercised with one or more persons. Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986); Wilkes v. State, 572
S.W.2d 538, 539 (Tex. Crim. App. 1978); Martinez v. State, 539 S.W.2d 885, 886 (Tex. Crim. App. 1976). When an
accused is not in exclusive possession of the place where the contraband is found, the State must show additional
independent facts and circumstances which affirmatively link the accused to the contraband to conclude that the accused
had knowledge of or control over the contraband. Cude, 716 S.W.2d at 47; Rodriguez v. State, 888 S.W.2d 211, 215 (Tex.
App.--Corpus Christi 1994, no pet.). Additional facts from which we can establish an affirmative link include: (1)
appellant's open or plain view; (2) convenient access to appellant; and (3) located on the same side of the car seat accused
was sitting in. Guiton v. State, 742 S.W.2d 5, 8 (Tex. Crim. App. 1987); Hughes v. State, 612 S.W.2d 581, 583 (Tex.
Crim. App. 1981); Hahn v. State, 502 S.W.2d 724, 725 (Tex. Crim. App.1973); Orosco v. State, 298 S.W.2d 134, 136
(Tex. Crim. App. 1957); see also, Pettigrew v. State, 908 S.W.2d 563, 571-72 (Tex. App.--Fort Worth 1995, pet. ref'd). 
An additional factor considered is defendant's furtive gestures. Johnson v. State, 625 S.W.2d 330, 330 (Tex. Crim. App
1981); Zertuche v. State, 774 S.W.2d 697, 700-01 (Tex. App.--Corpus Christi 1989, no pet.).

In the case at hand, the affirmative links establish the elements of the offense. Officer McCarty testified that he saw in
plain view what he knew to be a hammer of the handgun. An officer may seize what he sees in plain sight or open view if
the officer is lawfully where he is. Turner v. State, 744 S.W.2d 318, 319 (Tex. App.--Dallas 1988, writ ref'd) (holding that
the officer's view of the butt of appellant's pistol in the visor was in plain view and, officer could therefore, seize it
lawfully without violating appellant's constitutional rights); Lewis v. State, 439 S.W.2d 351, 352 (Tex. Crim. App. 1969);
see also, Joseph v. State, 807 S.W.2d 303, 308 (Tex. Crim. App. 1991) (citing Horton v. California, 496 U.S. 128, 140-42
(1990)). A portion of the handgun was in plain view because it was protruding from under the passenger's seat. Further,
appellant was sitting in the passenger's seat of the car where the handgun was discovered. Therefore, the handgun was
conveniently accessible to the appellant. Additionally, appellant made a furtive gesture by attempting to immediately get
out of the car upon being stopped by Officer McCarty. Thus, we conclude that the handgun was within appellant's actual
care, control, custody or management. 

Accordingly, we hold that the evidence adduced here is legally sufficient to support appellant's conviction of unlawful
possession of a firearm by appellant. Appellant's sole point of error is overruled. The judgment of the trial court is
AFFIRMED. 

LINDA REYNA YAÑEZ

Justice


Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

16th day of August, 2001.