TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00173-CR






James Hicks, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 003153, HONORABLE JON WISSER, JUDGE PRESIDING





 Following a bench trial, the district court found appellant James Hicks guilty of
possession of less than one gram of cocaine. See Tex. Health & Safety Code Ann. § 481.115 (West
Supp. 2002). Appellant pled true to two enhancement paragraphs, and the court sentenced him to
three years' confinement. Appellant contends the evidence is legally and factually insufficient to
support his conviction. We affirm the conviction.

 On April 13, 2000, Austin Police Officer Curt Thomas was watching a large
apartment complex that was known for drug activity, looking for a particular black female. Thomas
saw appellant drive out of the complex in a dark-colored Nissan Maxima with a woman matching
the description in the back seat; a man sat in the front passenger seat. Thomas saw appellant commit
a traffic violation and radioed an officer in a marked patrol car to pull appellant over. Thomas
watched the traffic stop from a distance and saw the patrol officers remove appellant and the
passengers from the car and search the car. Thomas did not see appellant arrive at the apartment
building, did not know in which apartment appellant had been, and did not know how long appellant
had been at the complex.

 Officer Richard Guajardo was one of the two officers in the patrol car that stopped
appellant for a traffic violation. After appellant made an abrupt lane change without signaling,
Guajardo and his partner, Maria Galvan, stopped appellant in a parking lot. Guajardo testified that
when he approached appellant's car after the stop, he saw a closed box of Newport cigarettes in the
console above the gearshift between the driver's and passenger's seats. Guajardo thought that the
box was to the left side of the gearshift. When a warrant check revealed that appellant and his two
passengers all had warrants out for their arrests, the officers arrested them. Galvan and Guajardo
searched appellant's car, and Galvan discovered in the cigarette box a rock of crack cocaine and a
marijuana cigarette. Before the box was opened, Guajardo could not tell it contained drugs. The box
was accessible to both appellant and the passenger. Guajardo did not see appellant or his passenger
make any kind of movement toward the box or the console.

 Officer Galvan testified that she found the drugs in the cigarette box. Galvan did not
see anyone make any motions toward the console, nor did she observe appellant or his front seat
passenger place the box in the console. When asked whether the box was nearer to appellant or to
the passenger, Galvan said it was in the center. The car appellant was driving was registered to
Sandra Hicks.

 Austin Police Detective Russell Overheu testified that on April 24, 2000, he arrested
Arthur Johnson, appellant's front-seat passenger, for drug possession after he stopped Johnson for
a traffic violation and smelled marijuana. Overheu asked if Johnson had more marijuana, and
Johnson said he had some in his car. Overheu found a rock of crack cocaine and a marijuana
cigarette lying in the center console of the car Johnson was driving. The drugs were not concealed
in a cigarette box; the marijuana was in a napkin and the cocaine was "on top of the center console
in plain view."

 Appellant contends the evidence is legally and factually insufficient to prove that he
knowingly exercised control over the drugs.

 In reviewing the legal sufficiency of the evidence, we view the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319
(1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howard v. State, 972 S.W.2d 121,
124 (Tex. App.--Austin 1998, no pet.). In reviewing factual sufficiency, we view all of the evidence
in a neutral light and set aside a verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Johnson, 23 S.W.3d at 6-7; Martinets v. State, 884
S.W.2d 185, 189 (Tex. App.--Austin 1994, no pet.). We compare the evidence supporting a
disputed fact with evidence tending to disprove that fact. Johnson, 23 S.W.3d at 7; Jones v. State,
944 S.W.2d 642, 647 (Tex. Crim. App. 1996). We may overturn a fact finder's determination only
when the record clearly indicates a manifest injustice; otherwise, we must accord due deference to
the fact finder's determinations, particularly those concerning the weight and credibility of the
evidence. Johnson, 23 S.W.3d at 8-9; Jones, 944 S.W.2d at 648.

 In a prosecution for drug possession, the State has the burden of proving (1) that the
defendant exercised care, custody, control, or management over the drugs, and (2) that he knew he
possessed a controlled substance. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995);
Martinets, 884 S.W.2d at 187. When the defendant is not in exclusive possession or control of the
place where the drugs are found, the State must affirmatively link the defendant with the drugs. 
Brown, 911 S.W.2d at 747-48; Hackleman v. State, 919 S.W.2d 440, 444 (Tex. App.--Austin 1996,
pet. ref'd, untimely filed); Martinets, 884 S.W.2d at 187. The affirmative links need not be so strong
as to exclude every other reasonable alternative hypothesis except the defendant's guilt. (1) Brown, 919
S.W.2d at 748; Hackleman, 919 S.W.2d at 444; Martinets, 884 S.W.2d at 187-88. Possible
affirmative links between a defendant and illegal drugs are whether: the drug was in plain view; the
defendant owned or had a right to possess the place where the drug was found; the drug was easily
accessible to the defendant; other drugs or drug paraphernalia were found; the defendant was driving
the automobile in which the drug was found; or the defendant made furtive gestures or incriminating
statements. See Bryant v. State, 982 S.W.2d 46, 49 (Tex. App.--Houston [1st Dist.] 1998, pet.
ref'd); Martinets, 884 S.W.2d at 188.

 Here, appellant was driving the car in which the drugs were found. The drugs were
in the center console of the car, easily accessible to appellant, and there was testimony that the drugs
were located slightly nearer to appellant than to his passenger. The cigarette box in which the drugs
were stored was in plain view. There was no testimony to rebut the appearance that appellant had
a right to possess the car, which was registered to Sandra Hicks. Appellant was seen leaving an
apartment complex known for drug activity. Viewing the evidence in the light most favorable to the
district court's determination, we hold the evidence is legally sufficient to tie appellant to the drugs. 
Johnson, 23 S.W.3d at 7. Even when all of the evidence is considered, we cannot hold that the guilty
verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. (2) 
Id. at 9. We overrule appellant's issues on appeal and affirm the district court's judgment of
conviction.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: January 31, 2002

Do Not Publish
1. In Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991), the court of criminal appeals
rejected "the reasonable alternative hypothesis analysis," under which a reviewing court determined
whether the affirmative links between the defendant and the drugs excluded every other reasonable
hypothesis that someone other than the defendant possessed the drugs. 820 S.W.2d at 159-61; see
also Brown v. State, 911 S.W.2d 744, 747-48 (Tex. Crim. App. 1995) (discussing Geesa). In
Paulson v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000), the court partially overruled Geesa, and
appellant argues that Paulson "reintroduces the need for a reasonable alternative hypothesis
analysis." See 28 S.W.3d at 573. We disagree. Geesa addresses two separate issues--the
reasonable alternative hypothesis analysis and the necessity of a jury definition of "reasonable
doubt." Geesa, 820 S.W.2d at 155. Geesa discusses and rejects the reasonable alternative
hypothesis analysis and then moves on to a separate discussion of the jury definition. Id. at 161-62. 
Paulson overrules Geesa only as to the jury definition, and does not cast doubt on the rejection of
the reasonable alternative hypothesis analysis. Paulson, 28 S.W.3d at 573 ("We specifically overrule
that portion of Geesa which requires trial courts to instruct juries on the definition of 'beyond a
reasonable doubt.'"). 
2. Appellant specifically cites us to two cases in which the evidence was held to be insufficient. 
Zertuche v. State, 774 S.W.2d 697, 701 (Tex. App.--Corpus Christi 1989, pet. ref'd); Baltazar v.
State, 638 S.W.2d 130, 131-32 (Tex. App.--Corpus Christi 1982, no pet.). However, as discussed
supra note 1, those cases are pre-Geesa and are disapproved. See Geesa, 820 S.W.2d at 161.