NUMBER 13-01-108-CR

 

                              COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTI
B
EDINBURG

 

 

RENE
RIVERA,                                                                    Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

                                 On
appeal from the 148th District Court

                                            of Nueces County, Texas.

 

 

 

                                           O
P I N I O N

 

              Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                                       Opinion
by Chief Justice Valdez

 








Appellant, Rene
Rivera, was indicted for possession of cocaine in an amount less than one
gram.  The trial court found appellant
guilty and assessed punishment at a probated two-year term of confinement, plus
a $500.00 fine.  Through two points of
error appellant challenges the legal and factual sufficiency of his
conviction.  We affirm.

Facts

Robstown Police
Officer Champion testified that at around 2:00 a.m. on January 22, 2000, he
initiated a traffic stop after he noticed Rivera driving down the center of the
road.  Officer Champion then asked Rivera
for his license and to step to the back of the car.  Upon getting out of the vehicle Rivera
appeared to be intoxicated.  Officer Champion
then initiated a Horizontal Gaze Nystagmus (HGN) test
which Rivera failed.  As a part of that
test, Officer Champion noticed that Rivera displayed vertical nystagmus which indicates either narcotics or an Aoutrageous
amount of alcohol.@  While Officer Champion was with Rivera,
Officer Garcia arrived.  Officer Garcia
walked around the driver=s side of the
car and made contact with the two passengers. 
Officer Garcia then saw a plastic baggy containing a powdery substance
in the panel of the driver=s side
door.  Officer Garcia further testified
that another officer, Officer Brown, showed up at the scene but did so after
Rivera had been arrested. 

At trial, DPS
chemist Donald Thain testified that the white powder
seized from Rivera weighed .24 grams and contained cocaine.  Robstown officers Flores and Cabello testified that they field-tested the seized bag
before sending it to Department of Public Safety and that their measurements
revealed .5 grams as an approximate weight. 
Regarding the car that Rivera was driving, Estella Rivera, appellant=s mother,
testified that the vehicle was  hers and that she loaned it to her son
so he could go pick up some food.  Angel
Garza and Chris Mendez testified that they were passengers in the car when
Rivera was stopped.  Both denied
ownership or knowledge of the cocaine found in the car.

Legal
Sufficiency








By his first issue on
appeal, Rivera challenges the legal sufficiency of the evidence to show that he
was guilty of possession of cocaine.  Specifically
he argues that the record indicates that Aeither of the two other
occupants could have placed the contraband in the location in which it was
found, at the time that it was found.@  

When reviewing the legal
sufficiency of the evidence against appellant, we view the evidence in the
light most favorable to the prosecution. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997); Borrego v. State, 966 S.W.2d 786,
789 (Tex. App.BHouston [1st Dist.]
1998, no pet.). The issue is whether any rational trier
of fact could find the crime's essential elements beyond a reasonable
doubt.  Jackson, 443 U.S. at 319;  McDuff,
939 S.W.2d at 614; Borrego, 966 S.W.2d at 789. If there is evidence that
establishes guilt beyond a reasonable doubt, and if the fact finder believes
the evidence, we will not reverse the judgment for insufficient evidence. Moreno v.
State,
755 S.W.2d 866, 867 (Tex. Crim. App. 1988); Borrego,
966 S.W.2d at 789. 

To convict a person of
unlawful possession of a controlled substance the State must prove 1) that the
person exercised care, control, custody or management over the contraband, and
2) that the person knew the matter was contraband.  Herndon v. State, 787 S.W.2d 408,
409-10 (Tex. Crim. App. 1990); Rodriguez v. State,
888 S.W.2d 211, 214-15 (Tex. App.BCorpus Christi 1994, no
pet.).








When an accused does not
have exclusive possession of the place where the contraband is found, the State
must show additional facts and circumstances which affirmatively link the
accused to the contraband.  Cude
v. State, 716 S.W.2d 46, 47 (Tex. Crim. App.
1986); Rodriguez, 888 S.W.2d at 215.  The affirmative link between the accused and
the contraband must be in such a manner and to such an extent that a reasonable
inference may arise that the accused knew of the contraband=s existence and
exercised control over it. Cude, 716 S.W.2d at 47; Rodriguez, 888 S.W.2d at 215.  Affirmative links may be established by facts
and circumstances such as Awhether the contraband
was in open or plain view, and whether it was in close proximity to the
accused.@  See Linton v. State, 15 S.W.3d 615,
619 (Tex. App.BHouston [14th Dist.]
2000, pet. ref=d).  Other relevant factors include: whether the
defendant was under the influence of the contraband; the defendant=s access to the
contraband; and the location of the contraband, either in the trunk of the
vehicle or in the passenger compartment. 
See Johnson v. State, 625 S.W.2d 330, 330
(Tex. Crim. App. 1981).

In the present case,
evidence was introduced at trial to link Rivera to the cocaine.  Evidence showed Rivera=s proximity to the
cocaine, the fact that the substance was in plain view, and that Rivera=s failure of the HGN
test indicated Aa presence of narcotics
or . . . an outrageous amount of alcohol.@  Rivera=s mother also testified
as to her control of the vehicle shortly before loaning it to her son and that
it did not contain cocaine at that time. 
Rivera testified that he picked up his two friends, went straight to the
Whataburger and came straight back before being
stopped.  In addition, both of Rivera=s friends denied that
the cocaine was theirs.   

As such, we find that
the evidence presented at trial shows affirmative links to such an extent that
a reasonable inference may arise that the accused knew of the contraband=s existence and
exercised control over it.  Cude, 716 S.W.2d at 47.  Accordingly, the evidence is legally
sufficient to support Rivera=s conviction for possession
of cocaine.

Appellant=s first issue on appeal
is overruled.

 








Factual Sufficiency

Rivera argues in his
second issue on appeal that the evidence presented at trial was factually
insufficient to support the verdict.

In reviewing the factual
sufficiency of the evidence, we must view all the evidence without the prism of
Ain the light most
favorable to the verdict@ and set aside the
verdict only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.  Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Reed v. State, 991 S.W.2d 354, 358
(Tex. App.BCorpus Christi 1999,
pet. ref=d).  A court of appeals may not reverse a fact
finder=s decision simply because
it disagrees with the result; the appellate court must defer to such findings,
and may find the evidence factually insufficient only where necessary to
prevent manifest injustice.  See Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App.
1997); Reed, 991 S.W.2d at 358. 
We do not, however, judge the credibility of witnesses in determining
factual sufficiency.  Nolasco
v. State, 970 S.W.2d 194, 196 (Tex. App.BDallas 1998, no
pet.).  Rather, we defer to the fact
finder=s findings so as to
avoid substituting our judgment.  Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 
That a different verdict would be more reasonable is, therefore,
insufficient to justify reversal.  Medina
v. State, 7 S.W.3d 633, 637 (Tex. Crim. App.
1999), cert. denied, 529 U.S. 1102 (2000).

Appellant argues the
evidence introduced was factually insufficient because Ano one ever saw the
appellant close to the contraband.@  He further argues that in a similar search
situation any Areasonable crook@ would Ahide the dope.@








This analysis fails to
address the key concern in a factual sufficiency challenge, which asks whether
the verdict is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  Clewis, 922 S.W.2d at 129.  Upon review of the evidence we find that the
evidence supports the judgment.  At
trial, evidence was introduced which included: 1) officer testimony that Rivera
was driving erratically; 2) Rivera=s failure of the HGN
test; 3) the discovery of the cocaine in the side panel of the driver=s side door; 4)
testimony from Rivera=s mother that shortly
before she loaned the car to her son there was no cocaine in the vehicle; and
5) the testimony from the two passengers in the vehicle with Rivera that the
cocaine was not theirs.  

Based on the record in
this case, we find the evidence is factually sufficient to support the
conviction.  

Appellant=s final issue for appeal
is overruled.  We affirm.                                                                                                                                                                                                                               

ROGELIO VALDEZ

Chief Justice

 

Do
Not Publish.

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this 2nd
day of May, 2002.