**Daniel Gig ERDMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. A14–89–01081–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 9, 1990.

J. Gary Trichter, Brian W. Wice, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

OPINION

MURPHY, Justice.

Daniel Gig Erdman appeals from a conviction of the misdemeanor offense of driving while intoxicated for which the trial court assessed punishment at one year in jail, probated for two years and a fine of

$600.00. In four points of error, appellant challenges the trial court's refusal to grant his motion to suppress the results of the intoxilyzer test and the second portion of a videotape. We affirm.

Arrested for the offense of driving while intoxicated ("D.W.I."), appellant was transported to the Harris County Jail Annex in Humble by Trooper Quincy Campbell of the Texas Department of Public Safety. Upon arrival at the annex, Trooper Campbell read appellant his D.W.I. statutory warnings and asked him to submit to a breath alcohol test. When appellant refused, Campbell led appellant into the video room. Campbell testified that he gave appellant a written copy of the D.W.I. warnings at this time. Campbell admitted he failed to advise appellant of his right to have an attorney present and of his right to terminate the interview at any time. Trooper Campbell videotaped appellant twice, and appellant submitted to the intoxilyzer. Campbell then wrote a citation charging appellant with the offense of driving while intoxicated. Following a hearing, the trial court granted appellant's motion to suppress the interrogative portion of the videotape, but overruled the motion to suppress the videotape including the video skills portion and overruled the motion to suppress the intoxilyzer results.

■ In his first point of error, appellant claims the trial court erred in overruling his motion to suppress the intoxilyzer test results because the purported consent was involuntarily obtained in violation of TEX.CRIM.PROC. CODE ANN. art. 38.23. Questions regarding the admission or exclusion of evidence are within the trial court's discretion, *Jackson v. State*, 575 S.W.2d 567, 570 (Tex.Crim.App.1979), and the trial court's ruling is not subject to reversal unless a clear abuse of discretion is shown. *Werner v. State*, 711 S.W.2d 639, 643 (Tex. Crim.App.1986). Furthermore, the question of the voluntariness of appellant's consent to the breath test was a question of fact for the factfinder. *White v. State*, 711 S.W.2d 106, 108 (Tex.App.—Houston [14th Dist.] 1986, no pet.); *McCambridge v. State*, 698 S.W.2d 390, 394 (Tex.App.— Houston [1st Dist.] 1985), *vacated on other grounds*, 712 S.W.2d 499 (Tex.Crim.App. 1986).

■ Appellant contends the trial court abused its discretion in overruling his motion to suppress because appellant's consent to the intoxilyzer was the product of coercion and thus, was involuntary. Appellant complains that Trooper Campbell stated that if appellant refused the intoxilyzer, he would lose his driver's license for ninety days and charges would be filed against him. TEX.REV.CIV.STAT.ANN. art. 6701*l*-5, § 2(b) (Vernon Supp.1990) authorizes an officer to inform a suspect that refusal to submit to a breath or blood test will result in the admissibility of that refusal in a subsequent prosecution and automatic suspension of his driver's license for ninety days. Thus, Trooper Campbell erroneously advised appellant that refusal would result in the filing of charges. Although the state concedes that Campbell had no authority to make this statement, they argue that the statement was, as a practical matter, correct. The trial court found that Campbell's statements were not coercive, but were "explanatory and reasonably accurate in light of the situation there."

Under Texas law, anyone who operates a motor vehicle on the public highways or beaches of this state is deemed to have consented to the taking of breath or blood specimens for the determination of alcohol concentration. TEX.REV.CIV.STAT.ANN. art. 6701*l*-5, § 1 (Vernon Supp.1990). The consequences for refusal to give a breath or blood specimen, contrary to this statutorily implied consent, are suspension of the individual's driver's license for ninety days and admissibility of the refusal if the individual is subsequently prosecuted. TEX.REV.CIV. STAT.ANN. art. 6701*l*-5, § 2(b) (Vernon Supp.1990). In the instant case, Trooper Campbell advised appellant that a consequence of refusal was the filing of charges. Although this was an error on the part of Trooper Campbell, we do not find this so coercive as to render the consent involuntary. *See Turpin v. State*, 606 S.W.2d 907, 913–14 (Tex.Crim.App.1980) (upheld finding of voluntary consent to breath test although appellant claimed his consent was

fraudulently induced by the officer's statement that appellant would also get a blood test); *McCambridge*, 698 S.W.2d at 395 (upheld finding of voluntary consent to breath test where appellant contended he was induced by officer's persistence and hostility).

We disagree with appellant's reliance on cases holding confessions involuntary where the accused was promised a benefit that "would be likely to influence the defendant to speak untruthfully." *Washington v. State*, 582 S.W.2d 122, 124 (Tex. Crim.App.1979). *See also Tovar v. State*, 709 S.W.2d 25 (Tex.App.—Corpus Christi 1986, no pet.). In *Washington*, the officers obtained a confession and guilty plea in return for allowing the accused to take a polygraph test. *Washington*, 582 S.W.2d at 123. The officers promised that the State would join in a motion for new trial if the accused passed the test. *Id.* Although the opinion does not state that the accused passed the test, a motion for new trial was granted, the accused was re-indicted, and the State introduced his confession into evidence. *Id.* The *Washington* court held this confession involuntary as induced by a promise of a benefit that, under the circumstances, could have caused the accused to confess even though he was innocent. *Id.* at 124.

In *Tovar*, the police officer denied threatening to file charges against the accused's wife, but he admitted he told the accused no charges would be filed against his wife if he confessed. *Tovar*, 709 S.W.2d at 28. The court found the confession involuntary as induced by a promise of leniency toward the wife of the accused. *Id.* at 29.

We find *Washington* and *Tovar* inapplicable. The instant case does not involve a confession, but concerns appellant's consent to submit to an intoxilyzer test for which all persons operating a motor vehicle on public road are deemed to have consented. *See* TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 1 (Vernon Supp.1990). Furthermore, both *Washington* and *Tovar* involve a promise of a benefit that would exert pressure on an accused to confess. In the instant case, the officer stated that charges would be filed if appellant refused the test, whereas the statutory penalty for refusal is that the refusal is admissible in a subsequent prosecution. *See* TEX.REV.CIV.STAT. ANN. art. 6701*l*–5, § 2(b) (Vernon Supp. 1990). Thus, the instant case involved no promise of a benefit that induced appellant to consent. Finding no clear abuse of discretion by the trial court in overruling appellant's motion to suppress the intoxilyzer results, we overrule point of error one.

In his second point of error, appellant contends the trial court erred in overruling his motion to suppress the results of the intoxilyzer because the officer failed to comply with D.P.S. regulations requiring a continuous fifteen minute observation period and a check of the intoxilyzer reference sample and simulator. As discussed under point of error one, rulings on the admissibility of evidence fall within the trial court's discretion and will not be disturbed absent a showing of clear abuse of discretion. *See Werner*, 711 S.W.2d at 643.

In connection with breath alcohol testing, the Texas Department of Public Safety has promulgated the following regulation providing for an observation period prior to testing:

(c) All breath alcohol testing techniques, in order to be approved, shall meet, but not be limited to, the following:

(1) continuous observation of the subject for a minimum period of time as set by the scientific director prior to collection of the breath specimen, during which time the subject must not have ingested alcoholic beverages or other fluids, regurgitated, vomited, eaten, smoked, or introduced any substances into the mouth;

Tex.Dep't of Pub.Safety, 37 TEX.ADMIN. CODE § 19.3(c)(1) (Sept. 8, 1986). During the hearing on the motion to suppress, appellant offered into evidence the Texas Breath Alcohol Testing Program Operator Manual, and upon no objection by the state, the trial court admitted it. This manual contains instructions for performance of the breath alcohol test, and on page 7–2, the manual defines certain terms appearing on the Intoxilyzer Test Record that the

officer must complete. Regarding the space on the Test Record labeled "Time Observation Begun," the manual states: "enter the exact time the operator began the observation of the subject immediately prior to the test (minimum 15 minutes)." The manual further states on page 7–4 that "Subject must be observed for at least 15 minutes, to insure that **Residual Alcohol** is not present." Thus, the minimum observation period is fifteen minutes.

In *State v. Kost*, 785 S.W.2d 936 (Tex. App.—San Antonio 1990, pet ref'd), the state appealed the trial court's granting of the defendant's motion to suppress the intoxilyzer test results. In *Kost*, the officer testified that, upon arrival at the police station, he read the statutory warnings to the defendant at 1:24 a.m. and administered the first test at 1:37 a.m. *Id.* at 939. The officer also testified that a fifteen minute observation period was not required with the type of intoxilyzer equipment used; however, the Breath Test Technical Supervisor for Bexar County, who worked under the supervision of the D.P.S. Scientific Director, testified that a fifteen minute observation period is required with the equipment used in this case. *Id.* at 938. The court asserted that the clear purpose of this regulation was "to ensure continuous observation of the test subject during the 15 minutes immediately preceding the test." *Id.* at 939 (citing *McGinty v. State*, 740 S.W.2d 475, 476 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd). Because the officer did not testify to observing the defendant for a continuous fifteen minute period and did not realize that a fifteen minute observation period was required, the court found no abuse of discretion in the trial court's grant of the motion to suppress. *Id.* at 940.

In the instant case, Trooper Campbell testified that, according to the Intoxilyzer Test Record he completed, the observation of appellant began at 1:08 a.m. and ended at 1:34 a.m., a total of twenty-six minutes. Campbell initially testified that he conducted the first videotape segment during this observation period. Later in his testimony, Campbell stated that he read appellant the statutory warning, observed him for fif-

teen minutes, and then filled out the Intoxilyzer Test Record. Upon appellant's request, Campbell read the statutory warning and the court calculated that it took one minute and forty-five seconds to read this warning. Unlike the officer in *Kost*, Trooper Campbell understood that a fifteen minute observation period was required and he testified, more than once, that he sat down at his desk, facing appellant, and watched him for fifteen minutes. Based on this testimony, we find no abuse of discretion by the trial court in overruling appellant's motion to suppress based on a violation of the D.P.S. regulations. We overrule point of error two insofar as it concerns the observation period.

The Breath Alcohol Testing Regulations promulgated by the Texas Department of Public Safety also require the analysis of a reference sample:

> (4) the analysis of a reference sample, such as headspace gas from a mixture of water and a known weight of alcohol at a constant temperature, the results of which must agree with the reference sample predicted value within 0.01g/210L, or such limits as set by the scientific director. This reference analysis shall immediately precede or immediately follow the analysis of the breath of the subject as determined by the scientific director.

*See* Texas Dep't of Pub.Safety, 37 Tex.Admin.Code § 19.3(c)(4) (Sept. 8, 1986). Instructions for the reference sample are in the Texas Breath Alcohol Testing Program Operator Manual. These require the tester to run a reference sample after checking that the reference sample device is properly sealed and at the proper temperature.

In the instant case, Trooper Campbell testified that he performed the test in accordance with the D.P.S. regulations and that he checked the simulator prior to appellant's test. Campbell did not specifically recall turning on the simulator or checking the simulator seals or temperature of the simulator solution. The Intoxilyzer Test Record of the breath specimen of appellant reflects that the reference sample of 0.09 was within 0.01g/210L of the pre-

dicted value of 0.10. Thus, the evidence reveals that a reference sample was analyzed. Although Trooper Campbell could not recall checking the seals or temperature of the reference sample, the evidence does not establish that Campbell failed to follow the regulations. We find no abuse of discretion by the trial court in overruling the motion to suppress on the ground that Trooper Campbell violated the D.P.S. regulations regarding reference sample analysis. We overrule point of error two insofar as it concerns the reference sample analysis.

Lastly, appellant claims that Trooper Campbell violated the following statutory provision:

> (b) Before requesting a person to give a specimen, the officer shall inform the person orally and in writing that if the person refuses to give the specimen, that refusal may be admissible in a subsequent prosecution, and that the person's license, permit, or privilege to operate a motor vehicle will be automatically suspended for 90 days after the date of adjournment of the hearing provided for in Subsection (f) of this section, whether or not the person is subsequently prosecuted as a result of the arrest.

TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 2(b) (Vernon Supp.1990). Appellant contends Campbell violated § 2(b) by not giving appellant an oral and written warning prior to the first time Campbell asked appellant to submit to the intoxilyzer. In support of this contention, appellant cites the D.W.I. statutory warning form reflecting that it was completed at 1:08 a.m., sometime after Trooper Campbell testified he first asked appellant to submit to the intoxilyzer. We disagree that the testimony of Trooper Campbell clearly shows a violation of § 2(b). Trooper Campbell's testimony was conflicting. Although he admitted that he had no specific recollection of reading the warnings to appellant, he also testified that he read the warning and let appellant read a copy of the warning prior to appellant's refusal to submit to the test and after the first videotape session, when appellant agreed to give a breath specimen. Campbell's testimony and the D.W.I. statutory

warning form both clearly indicate that Campbell followed these statutory procedures prior to appellant's agreement to submit to the intoxilyzer. Thus, we find no abuse of discretion by the trial court in overruling appellant's motion to suppress on this basis and we overrule point of error two.

■ In his third and fourth points of error, appellant claims the trial court erred in overruling his motion to suppress the second portion of the videotape because the state failed to afford appellant the assistance of counsel after the state had formally initiated criminal proceedings against appellant in violation of Article 1, § 10 of the Texas Constitution and the Sixth Amendment of the United States Constitution. Appellant contends that the state formally initiated proceedings when Trooper Campbell issued appellant a citation charging him with the offense of driving while intoxicated.

Trooper Campbell testified that he advised appellant of his *Miranda* rights at the beginning of the first videotaping session, but he admitted that he did not repeat these warnings during the second videotaping session. Campbell testified that, during the second videotaping session, appellant performed various sobriety exercises and answered questions about driving an automobile and consuming alcohol. Campbell's testimony varied as to when he issued appellant the citation. Campbell first testified that he wrote out the citation sometime after giving appellant the intoxilyzer. Later in his testimony, Campbell stated that he issued the citation after the second videotaping session.

In ruling on appellant's motion to suppress, the trial court suppressed the audio portion of the videotape that was interrogative in nature, but refused to suppress the entire second videotaping session because the testimony was unclear as to when the citation was issued and because the citation did not constitute initiation of formal adversary proceedings. Because the trial court suppressed the audio portion of the videotape that was interrogative, appellant's complaint only references the sobrie-

ty exercises performed during the second videotaping session. The Court of Criminal Appeals recently addressed the question whether an individual's federal or state right to counsel attaches prior to performance of videotaped sobriety exercises and held that it does not attach until the filing of a complaint. *See Miffleton v. State*, 777 S.W.2d 76, 78 (Tex.Crim.App.1989).

Although no citation was involved in *Miffleton*, we find it dispositive of appellant's complaint. The complaint in the instant case was filed at 5:10 a.m. on March 27, 1989. The videotaping occurred prior to 5:10 a.m. and therefore, appellant's right to counsel had not attached at the time of the second videotaping. We disagree with appellant's position that the issuance of a citation effectively constitutes the initiation of formal adversary proceedings. We find no abuse of discretion by the trial court in denying appellant's motion to suppress the second videotaped session of appellant performing sobriety exercises. We overrule points three and four.

We affirm the judgment of the trial court.