**The STATE of Texas, Appellant,**

v.

**Scott Russell SCHAEFFER, Appellee.**

**No. 05–91–01172–CR.**

Court of Appeals of Texas, Dallas.

Aug. 5, 1992.

Rehearing Denied Sept. 15, 1992.

Discretionary Review Refused Jan. 13, 1993.

John H. Hagler, William F. Kortemier II, Dallas, for appellant.

Sue Korioth, Donald G. Davis, Dallas, for appellee.

Before THOMAS, KINKEADE, and WIGGINS, JJ.

## OPINION

THOMAS, Justice.

The State of Texas appeals from a trial court's order that suppressed certain evidence in its driving-while-intoxicated (DWI) case against Scott Russell Schaeffer. In two points of error, the State claims that the trial court abused its discretion when it suppressed (1) the audio portion of appellee's videotape and (2) the results of appellee's breath test. We disagree. Accordingly, we overrule the points of error and affirm the trial court's judgment.

## BACKGROUND

Appellee was arrested for DWI and taken to the police station, where he was videotaped. During the videotaping, appellee repeatedly vacillated between agreeing to take and refusing to take a breath test. Appellee eventually took the test.

Prior to trial, appellee filed a motion to suppress. At the conclusion of the hearing on appellee's motion, the trial court suppressed the breath-test results and the audio portion of the videotape, as well as any reference to them. These rulings form the basis for this appeal.

## STANDARD OF REVIEW

Questions regarding the exclusion of evidence are within the trial court's discretion, and its ruling is not subject to reversal unless a clear abuse of discretion is shown. *Erdman v. State,* 796 S.W.2d

243, 244 (Tex.App.—Houston [14th Dist.] 1990, no pet.). We will sustain a trial court's ruling on a motion to suppress upon any ground that we view as reasonably supported by all the circumstances in the record. *Nickerson v. State*, 645 S.W.2d 888, 891 (Tex.App.—Dallas), *aff'd*, 660 S.W.2d 825 (Tex.Crim.App.1983).

■ In reviewing whether the trial court abused its discretion in suppressing this evidence, the State urges us to view the trial court's actions more critically than we might otherwise, because we can evaluate the only evidence at the hearing, the videotape, for ourselves.[1] However, on appeal, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990).

## SUPPRESSION OF THE BREATH–
## TEST RESULTS

We discuss the State's second point of error first because it is basically dispositive of the issues presented. In this point, the State contends that the trial court abused its discretion in suppressing the breath-test results, arguing generally that the record does not support suppression. We disagree.

■ Whether the trial court properly excluded the breath-test results depends on the voluntariness of appellee's consent to take the test. The exclusionary rule provides that no evidence obtained in violation of state law shall be admitted against the accused. TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp.1992). State law requires that, if an arrested person refuses to give a breath sample, none shall be taken. TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 2(a) (Vernon Supp.1992). The consent involved in giving such a sample must be voluntary. *Turpin v. State*, 606 S.W.2d 907, 914 (Tex.Crim.App.1980). Whether the consent is voluntary is a question of fact for the fact finder. *Turpin*, 606 S.W.2d at 914; *Mendoza v. State*, 804 S.W.2d 954, 956 (Tex.App.—Houston [14th

Dist.] 1991, pet. ref'd). If the trial court determines that a state statute was violated in obtaining evidence, it has no discretion in ruling on the exclusion of evidence, and the evidence must be suppressed. *See Polk v. State*, 738 S.W.2d 274, 276 (Tex. Crim.App.1987).

■ The videotape shows that appellee initially refused to take the breath test after being informed of the consequences of refusal. During the thirty-five-minute videotaped session, appellee changed his mind several times. At the end of the session, the following colloquy occurred:

[APPELLEE]: I'm saying that I'm sober and—but I'd rather not take the test.

OFFICER HOBBS: Okay. Okay.

[APPELLEE]: Because I don't want—

OFFICER HOBBS: Look, I'm going to ask you one more time. I'm telling you, take the test, pass it, traffic citation. Take the test and fail it, DWI. Do not take the test, DWI and refusal, you'll lose your license.

[APPELLEE]: D, DWI for certain?

\* \* \* \* \* \*

OFFICER HOBBS: Proved in court. It will be proved in court. Okay? And then you have to ... hire a lawyer. The only way for you to prove yes or no right now is to take the test and hope you pass.

\* \* \* \* \* \*

[APPELLEE]: I don't like tests of any sort. ...

OFFICER HOBBS: All right, fine. Will you take the test or not?

[APPELLEE]: I would prefer not to.

OFFICER HOBBS: Okay. Refusal.

[APPELLEE]: But—

OFFICER HOBBS: Decision time is over. It'll be DWI. You'll lose your license.

[APPELLEE]: Why will I lose my license?

---

1. The State, noting that there were no live witnesses at the suppression hearing, suggests that a defendant himself must testify that his consent was involuntary and cites *Yeary v. State*, 734 S.W.2d 766 (Tex.App.—Fort Worth 1987, no pet.), and *Mendoza v. State*, 804 S.W.2d 954 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Neither case supports this proposition.

OFFICER HOBBS: For refusal to take the test. We've already explained it to you. Okay?

OFFICER STANTON: We've already explained it to you a half a dozen times.

OFFICER HOBBS: It's over.

OFFICER STANTON: Sign this statement. Right here.

[APPELLEE]: Can I—can I—can I get my breath statement now, please? . . .

\*    \*    \*    \*    \*    \*

OFFICER STANTON: Either you are or you're not. Okay? What's it going to be?

[APPELLEE]: I will do it now.

OFFICER STANTON: Can he still do it?

OFFICER HOBBS: Yeah. I think so.

[APPELLEE]: Can I read this, please?

OFFICER STANTON: It's the same thing you've read before and I've read to you. What you need to be paying attention to is if you refuse to give a specimen, that refusal may be admissible in a subsequent prosecution and you are going to lose your license.

\*    \*    \*    \*    \*    \*

[APPELLEE]: I mean, I'm—I'm here, I'm arrested and everything, but I—I would like to know my rights.

OFFICER STANTON: Wait. I've taught [sic] them to you. I'm asking—this is it. Okay? Yes or no on the breath test?

[APPELLEE]: Can I read this and then I'll see?

OFFICER STANTON: No. I've already read it to you twice.

[APPELLEE]: Sir.

OFFICER STANTON: You've read it twice. If you don't want to do it, fine.

\*    \*    \*    \*    \*    \*

OFFICER STANTON: I've read you your rights. I've taken twice as much time with you as we normally do. Okay?

\*    \*    \*    \*    \*    \*

OFFICER HOBBS: Will you get to the point and ask.

[APPELLEE]: I will take the test if that's what you would like.

OFFICER STANTON: I don't—it's not what I want, okay? It's what you want to do.

[APPELLEE]: Sir, I'm not trying to be a problem, but—

OFFICER HOBBS: Okay, Scott.

[APPELLEE]: Yes.

OFFICER HOBBS: Step over here on my left side. Okay. Take this mouthpiece, you put it in your hand. I'm going to hold on to the tube. Take a moderate breath.

During the hearing, the trial judge stated that the "end of the tape" bothered him. In particular, the trial judge mentioned that (1) appellee said he would take the test "if that's what you would like"; (2) a police officer was yelling at appellee; and (3) an officer told appellee that he would not read him his rights again.

The State contends that the videotape indicates that the officers were indifferent as to whether appellee took the test and that appellee vacillated toward taking the test at the time when they were ready to administer the test. Additionally, the State claims, the videotape does not show the officers yelling at appellee or coercing his consent.

Based upon the videotape, the trial court could have reasonably concluded that appellee did not voluntarily consent to submit to the breath test. We note that he refused several times to take the test. At the end of the videotape session, he did not agree to take the test but, rather, was told to take the machine's mouthpiece in his hand and take a moderate breath. Because the trial court's decision is supported by the record, we cannot say that the court clearly abused its discretion in concluding that appellee's consent was not voluntary. *See Erdman,* 796 S.W.2d at 244–45.[2] Vio-

---

**2.** In *Erdman,* an appellate court found that the trial court did not clearly abuse its discretion in overruling a motion to suppress intoxilyzer results where an officer had misstated the law. 796 S.W.2d at 244–45. We do not believe that *Erdman* and the cases cited therein *require* a trial court to find voluntary consent in such instances. Rather, they support the trial court's broad discretion in determining voluntariness.

lation of a state statute in obtaining evidence requires suppression of the evidence. *Polk*, 738 S.W.2d at 276. Therefore, we hold that the trial court did not err in suppressing the breath-test results. The State's second point of error is overruled.

## SUPPRESSION OF THE AUDIO PORTION OF THE VIDEOTAPE

■ In the first point of error, the State argues that the trial court abused its discretion in suppressing the audio portion of the videotape, even if consent to take the breath test was coerced. The State first questions the basis on which the trial court excluded the audio track. Although the record does not contain the specific reason for excluding the audio track, we will sustain the trial court's decision if it is correct on any theory of law applicable to the case. *Romero*, 800 S.W.2d at 543. As a reviewing court, we will sustain a trial judge's ruling on a motion to suppress upon any ground that we view as reasonably supported by all the circumstances in the record. *Nickerson*, 645 S.W.2d at 891.

Appellee asserts that the trial court could have excluded the entire audio track under article 38.22 of the Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 38.22, § 3(a) (Vernon Supp.1992). We disagree. Appellee incorrectly contends that he did not receive the warnings contained in article 38.22, section 2. In fact, appellee received the warnings and then waived his right to remain silent. Thus, appellee's post-waiver statements were not inadmissible under article 38.22, section 3(a).

■ We conclude, however, that the trial court's order was justified by article 38.23 of the Code of Criminal Procedure and rules 401–403 of the Texas Rules of Criminal Evidence. Generally, to determine the admissibility of a tape recording, the court must first consider the relevancy of the tape. *McEntyre v. State*, 717

S.W.2d 140, 146 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). As indicated previously, article 38.23 excludes evidence obtained in violation of state, federal, or constitutional law. *See* TEX.CODE CRIM.PROC. ANN. art. 38.23(a) (Vernon Supp.1992). Because the trial court found that appellee was coerced into taking the test, the breath-test results were barred. The trial court's order also excluded any reference to the breath-test results pursuant to the same exclusionary rule. Because no reference can be made to the breath-test results, we conclude that the extensive discussion of the breath test, strewn throughout the audio track, would be not only irrelevant, but highly prejudicial. *See* TEX.R.CRIM. EVID. 401–403. Additionally, the audio track contains substantial irrelevant discussion of appellee's pressing need to urinate and his displeasure concerning the fact that his car had been towed. These discussions do not tend to make the existence of any fact that is of consequence to the determination of the action more or less probable than it otherwise would be. TEX.R.CRIM. EVID. 401. Evidence that is not relevant is inadmissible. TEX.R.CRIM.EVID. 402.

The State argues that the audio track should be admitted for reasons unrelated to its content. In support of this argument, the State cites *Jones v. State* as recognizing reasons for allowing a jury to see and hear matters on the videotape. *See Jones v. State*, 795 S.W.2d 171, 175–76 (Tex.Crim. App.1990).[3] In *Jones*, the Court of Criminal Appeals discussed the legitimate reasons that exist for admission of audio tracks. 795 S.W.2d at 175. The Court stated that the audio track serves as a general interpretive aid to the visual record. *Jones*, 795 S.W.2d at 175. In addition, it shows the defendant's manner of speech at the time of arrest, which can be used as evidence of his degree of intoxication and which can be highly probative of loss of "normal use of mental or physical faculties," an element the State must prove. *Jones*, 795 S.W.2d at 175; *see* TEX.

---

**3.** *Jones* does not mandate that the trial court admit audio tracks but, rather, states that they are not *per se* inadmissible following a suspect's assertion of *Miranda* rights. 795 S.W.2d at 175.

Here, the reasons justifying suppression do not include the *Miranda* issue that was raised in *Jones*.

Rev.Civ.Stat.Ann. art. 6701*l*–1(a)(2)(A) (Vernon Supp.1992). Finally, it allows a jury to hear the defendant's volunteered statements. *Jones*, 795 S.W.2d at 176.

The State asserts that the videotape has probative value because it demonstrates appellee's ability to speak, walk, and stand. However, we note that a jury could still view the videotape and see, for example, whether appellee could perform the sobriety tests. Additionally, the trial court could have determined that appellee's clarity of speech during the videotaping diminishes any probative value of the audio track in showing intoxication or the loss of normal use of mental or physical faculties. Given the extensive dialogue about the breath test throughout the audio track, the audio track's slight probative value could have been substantially outweighed by the danger of unfair prejudice. *See* Tex. R.Crim.Evid. 403.

A trial court has broad discretion in admitting videotapes and tape recordings. *Shephard v. State*, 749 S.W.2d 283, 285 (Tex.App.—Fort Worth 1988, pet. ref'd); *Chimelewski v. State*, 681 S.W.2d 166, 169 (Tex.App.—Houston [14th Dist.] 1984, no pet.). Because the audio track contains discussion of irrelevant and prejudicial matters, we cannot say that the trial court abused its discretion in suppressing the audio portion of the videotape. Accordingly, we overrule the State's first point of error.

The trial court's judgment is affirmed.