Omahoney v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-178-CR

     HOLLY KATHLEEN OMAHONEY,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Criminal Court
Dallas County, Texas
Trial Court # MB93-39596-A
                                                                                                    

O P I N I O N
                                                                                                    

       Appellant was accused by information of the misdemeanor offense of driving while
intoxicated, in that she did not have the normal use of her mental and physical faculties by reason
of the introduction of alcohol into her body. Appellant pleaded nolo contendere to this accusation. 
The trial court, based upon the evidence presented, found Appellant guilty and assessed her
punishment at 60 days in jail, probated for 24 months, and a $500 fine, not probated, from which
Appellant appeals.
      Appellant comes to this court on one point of error, asserting the trial court erred in denying
Appellant's motion to suppress alleging that evidence was improperly seized in violation of the
provisions of Tex. Code Crim. Proc. Ann. Art. 38.23.
      Prior to trial, a hearing was held on the motion to suppress in which Appellant testified that
she was arrested on December 27, 1992, for the offense of driving while intoxicated. She was
taken to the Lew Sterrett jail complex where she was video taped, during the course of which
Appellant initially agreed to the request of the police officer to submit to a blood test.
      Appellant was removed from the video tape room and taken to another room where the blood
was to be drawn. When Appellant saw the technician and the needle that was to be used she
immediately attempted to withdraw her consent. Both a female lab technician and the arresting
officer were present when she attempted to withdraw her consent. Appellant refused to allow the
technician to draw her blood and stated three times that she was withdrawing her consent. 
However, the police officer used physical force to hold her arm so that the technician could draw
blood. After Appellant and her father testified (the father was not present when the drawing of
blood took place), Appellant rested, after which the State rested without putting on any testimony. 
More specifically, neither the lab technician nor the arresting officer were called. Moreover, the
State offered no argument concerning the motion to suppress. The trial court denied the motion,
noting that the issue of a violation of state law requiring exclusion of evidence under Art. 38.23
of the Tex. Code Crim. Proc. was the function of a jury and not of a trial court.
      We sustain Appellant's point of error. Under the evidence presented before the trial court
concerning the motion to suppress, the trial court erred in denying the motion to suppress.
      The consent involved in giving a blood sample must be voluntary. Turpin v. State, 606
S.W.2d 907, 914 (Tex. Crim. App. 1980); Tex. Transportation Code § 724.013; also see
Forte v. State, 759 S.W.2d 128, 138 (Tex. Crim. App. 1988).
      No evidence obtained by an officer in violation of any provisions or laws of the State of Texas
shall be admitted into evidence against the accused in the trial of any criminal case. Tex. Code
Crim. Proc. Ann. Art. 38.23. State law specifically provides that if an arrested person refuses
to consent to the taking of blood or breath test, none shall be taken. If a trial court determines that
this statute was violated in obtaining evidence through an involuntary blood or breath test, such
trial court has no discretion in ruling on the exclusion of the evidence and the evidence must be
suppressed. Polk v. State, 738 S.W.2d 274, 276 (Tex. Crim. App. 1987); State v. Schaeffer, 839
S.W.2d 113, 115 (Tex. App.—Dallas 1992, pet. ref'd).
      We reverse the trial court's judgment and remand the cause to the trial court for retrial.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Reversed and remanded
Opinion delivered and filed June 12, 1996 
Do not publish