Michael Don NICKERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–01300–CR.

Court of Appeals of Texas, Dallas.

Jan. 21, 1983.

Discretionary Review Granted May 11, 1983.

James M. Murphy, Dallas, for appellant.

Henry Wade, Dist. Atty., Ruth D. Lown, Asst. Dist. Atty., Dallas, for appellee.

Before STOREY, STEPHENS and VANCE, JJ.

STOREY, Justice.

This is an appeal from a conviction for possession of over four ounces of marihuana. In three grounds of error, appellant complains of (1) the seizure of two bags of marihuana from the trunk of the car he drove, (2) the prosecutor's jury argument concerning appellant's intended distribution

of the contraband, and (3) the sufficiency of the evidence to connect appellant with the marihuana. We affirm.

The record reflects that Officer Watson stopped appellant for having an expired inspection sticker. Appellant immediately exited his car leaving the car door open. After confirming that the inspection sticker was expired and while explaining to appellant the reason for the stop, Watson observed a large clear cellophane bag containing what he perceived to be marihuana on the floorboard behind the driver's seat. Having obtained appellant's driver's license, the officer returned to his squad car to verify the license and registration and to call for back-up policemen. While he was calling the information in, he observed some movement in appellant's vehicle and proceeded to arrest appellant without waiting for the officers he had summoned. As he arrested appellant, he noticed that the cellophane bag was then concealed by a sweater. After a pat-down search during which he discovered a .25 caliber automatic pistol and about $1500.00 cash, Watson requested a wrecker to impound the car. Next, Watson searched the inside and the trunk of the car. In the trunk he observed an olive green duffle bag with drawstrings and a plastic trash bag. Upon opening the bags, he discovered 20 to 25 pounds of marihuana. At trial Watson testified that he was conducting an inventory search.

In his first ground of error, appellant challenges on federal constitutional grounds the admissibility of the marihuana found in the trunk. The State attempts to justify the search as either an inventory search or a search based upon probable cause to believe that there was more contraband— aside from the 14 ounces found in plain view on the rear floorboard—concealed in appellant's vehicle. Initially we must resolve the question of whether we are bound by the reason which the officer gave for conducting the search. Having concluded that the officer's asserted justification does not require us to confine our review to the officer's inventory search justification, we

examine the facts of our case under the recent automobile search case of *United States v. Ross,* —— U.S. ——, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).[1]

 A motion to suppress raises an issue concerning the admissibility of evidence. A judge's ruling that evidence is admissible will be sustained if there is any basis to support it. *E.g., Fowler v. State,* 379 S.W.2d 345, 347 (Tex.Cr.App.1964). If the facts are uncontroverted, the sufficiency of the evidence to perform a warrantless arrest is a question of law. *Killingsworth v. State,* 165 Tex.Cr.R. 286, 306 S.W.2d 715 (1957). Under United States Supreme Court case law, "it is the function of a court to determine whether the facts available to the officers at the moment of the arrest would 'warrant a man of reasonable caution in the belief' that an offense had been committed" or that, as applied here, there were circumstances justifying a warrantless arrest. *Beck v. Ohio,* 379 U.S. 89, 96, 85 S.Ct. 223, 228, 13 L.Ed.2d 142 (1964). The Supreme Court has recognized that the legitimacy of a search does not depend upon the subjective intent of the officer. *Scott v. United States,* 436 U.S. 128, 138, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978) (construing *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973)). Instead of motive or intent, the court must view the circumstances objectively to determine whether they support the justification. Conceivably, the circumstances of a case could support more than one legal justification and any one of them could refute a contention that a search was unconstitutional.

In *Robinson* the accused challenged the scope of the search of his person incident to an arrest for driving with a revoked driver's license because the arresting officer seized heroin from a crumpled cigarette package, which could not have contained weapons or evidence of the crime for which he had been arrested. Robinson claimed that since the officer's purpose in searching the crumpled cigarette package did not cor-

---

1. We do not reach the question of the constitutionality of the officer's actions under an inven-

tory search rationale because we conclude that the search was constitutional under *Ross.*

respond to the justifications for a search incident to arrest, the search could not be constitutional under the search incident exception to the warrant requirement. The court concluded that "[s]ince it is the fact of custodial arrest which gives rise to the authority to search, it is of no moment that Jencks did not indicate any subjective fear of the respondent or that he did not himself suspect that respondent was armed." *Id.* 414 U.S. at 236, 94 S.Ct. at 477 (footnotes omitted). In discussing *Robinson,* the court later explained in *Scott v. United States,* 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978), that the court that entertains a motion to suppress must "first examin[e] the challenged searches under a standard of objective reasonableness without regard to the underlying intent or motivation of the officers." *Id.* at 138, 98 S.Ct. at 1723. The officer's stated purpose is only one of many circumstances in the usual case.

 In the instant case, Officer Watson's testimony that he was conducting an inventory search of the car does not foreclose our review of the justification of probable cause to search an automobile if his actions could be reasonably explained as a search based upon probable cause to believe that there was contraband somewhere in the vehicle. *See Scott,* 436 U.S. at 138, 98 S.Ct. at 1723; *Robinson,* 414 U.S. at 235, 236, 94 S.Ct. at 476, 477; *Taylor v. State,* 421 S.W.2d 403, 406, 407 (Tex.Cr.App.1967) (Reasonableness of search is determined by all the circumstances.).

 Another closely related principle which supports our conclusion is that an appellate court may use the entire trial record to uphold a search even though the trial court erroneously denied the motion to suppress on the lesser amount of evidence presented at the pretrial hearing. *United States v. Pearson,* 448 F.2d 1207, 1210 (5th Cir.1971); *accord, United States v. Canieso,* 470 F.2d 1224 (2d Cir.1972). *See generally* W. LaFave, Search and Seizure § 11.7 (1978). Just as the appellate court may look at more than just the evidence on the motion to suppress to uphold a search, similarly an appellate court may look beyond the subjective statements of the officer to find the probable cause and exigent circumstances to justify a search.

 Our conclusion is also strengthened by the fact that because the parties at trial argued various automobile and container search cases, the trial court's attention, immediately before its ruling, was directed to more than just an inventory rationale. Hence, the trial judge could have rejected the officer's inventory justification and made implied findings based upon another plausible rationale. *Cf. Sullivan v. State,* 564 S.W.2d 698, 704 (Tex.Cr.App. 1978) (en banc) ("The State does not have the burden of listing or verbalizing in the trial court every possible basis for holding a search legal or else waive that basis ...."). Additionally, *United States v. Prescott,* 599 F.2d 103 (5th Cir.1979), supports the proposition that it is an appellate court's function to evaluate all the circumstances to determine how the trial judge ruled the search valid. An appellate court will sustain a trial judge's ruling on a motion to suppress upon any ground which it views as reasonably supported by all the circumstances in the trial record. *See, e.g., Gill v. State,* 625 S.W.2d 307, 311–12, 317, 320 (Tex.Cr. App.1981) (en banc). We proceed to examine the existence of probable cause to search the containers in the trunk under *Ross.*

 In *United States v. Ross,* —— U.S. at ——, ——, 102 S.Ct. at 2159, 2171, the United States Supreme Court held that police officers "who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it ... may conduct a search of the vehicle that is as thorough as a magistrate could authorize in a warrant ...." *Id.* at ——, 102 S.Ct. at 2159. Here Officer Watson lawfully stopped appellant for an expired inspection sticker. Then, Officer Watson observed the contraband and found a concealed weapon and substantial cash on appellant. From these facts and the other circumstances set out above, the officer could reasonably have had probable cause to

believe that a further search of the car would reveal more contraband. *See Ross,* —— U.S. at ——, 102 S.Ct. at 2172 ("If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search"). *Ross* also would permit entry into the duffle and trash bags in the trunk. *Id.* at ——, 102 S.Ct. at 2171–72. We conclude further that we are bound by the holding of *Ross* where, as here, the "object of the search" was the contraband actually seized. *See Esco v. State,* No. 61,501, slip op. at 8, 9 (Tex.Cr.App., Dec. 15, 1982).

■ Appellant next complains of the prosecutor's argument that "it's a reasonable deduction from the evidence, [that the marihuana was] bagged up for distribution purposes." We agree with the prosecutor's assessment of his argument: it was a reasonable deduction from the evidence that the 20 to 25 pounds of marihuana would be distributed. *See Mahan v. State,* 586 S.W.2d 488, 490 (Tex.Cr.App.1979) ("The evidence indicated an amount of marihuana beyond what would normally be associated with personal use."); *Pecina v. State,* 516 S.W.2d 401, 404 (Tex.Cr.App.1974).

■ Finally, appellant maintains that the evidence was insufficient to affirmatively link him with the contraband. We disagree.

Appellant was in exclusive control of the vehicle in which a substantial quantity of marihuana was discovered. He made furtive gestures toward the contraband which was in plain view on the floorboard. *Bright v. State,* 556 S.W.2d 317, 319 (Tex.Cr.App. 1977). The officer found a concealed gun and a large sum of cash on his person. These facts and the other circumstances surrounding the arrest present sufficient evidence of a connection with the contraband. *Duff v. State,* 546 S.W.2d 283, 287 (Tex.Cr.App.1977); *Hernandez v. State,* 538 S.W.2d 127, 130–31 (Tex.Cr.App.1976); *see Carvajal v. State,* 529 S.W.2d 517, 520 (Tex. Cr.App.1975), *cert. denied,* 424 U.S. 926, 96 S.Ct. 1139, 47 L.Ed.2d 336 (1976); *Sanders v. State,* 482 S.W.2d 648, 651 (Tex.Cr.App.)

(twig of marihuana found on the floor of the passenger side), *cert. denied,* 409 U.S. 884, 93 S.Ct. 176, 34 L.Ed.2d 140 (1972). This case is unlike those cases in which the accused who was the driver of another's car made no furtive gestures toward the contraband and in which there was no other linking evidence. *See, e.g., Morr v. State,* 587 S.W.2d 711, 713–14 (Tex.Cr.App.1979) ("appellant . . . was never seen in the back seat or to reach into that area," where the cocaine was found). Consequently, we overrule appellant's last ground of error.

Affirmed.