**Michael Don NICKERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 210–83.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 14, 1983.

James M. Murphy, Dallas, for appellant.

Henry Wade, Dist. Atty., Ruth Diane Lown, Ron Wells and Elton Kendall, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

In a trial before a jury the appellant was convicted of the unlawful possession of over four ounces of marihuana. Pursuant to a plea bargain, punishment was assessed by the court at two years confinement in the Texas Department of Corrections. Appeal was taken to the Court of Appeals for the Fifth Supreme Judicial District of Texas, in Dallas, which affirmed the conviction. *Nickerson v. State*, 645 S.W.2d 888 (Tex. App.1983).

This Court granted the appellant's petition for discretionary review to determine if the inventory search of the trunk, wherein more than 20 pounds of marihuana was found, was unlawful. The Court of Appeals held that the police officer had probable cause to believe that a further search of the car would reveal more contraband and thus the search of a lawfully stopped vehicle was justified.

We need not address the inventory search inasmuch as we find the marihuana discovered in plain view was properly admitted into evidence and the admission of the more than 20 pounds of marihuana found in the trunk of the car was harmless.

The record reflects that Officer Watson of the Dallas Police Department stopped appellant for having an expired inspection sticker. Leaving the car door open, appellant immediately exited his car. While explaining to the appellant the reason for the stop, Watson observed a large cellophane bag containing what he perceived to be marihuana on the floorboard behind the driver's seat. The officer returned to the squad car with appellant's license, and while verifying the information, he observed some movement in appellant's vehicle. Thereafter he placed the appellant under arrest and noticed that the cellophane bag had been concealed by a sweater. An ensuing pat-down search of appellant revealed a .25 caliber automatic pistol and about $1,500 cash. After calling a wrecker to impound the car, Watson searched the inside and the trunk of the car and found a duffle bag and plastic trash bag in the trunk which contained more than 20 pounds of marihuana. The 14 ounces of marihuana found in the cellophane bag and the 20 pounds found in the trunk of the car were introduced into evidence.

The 14 ounces of marihuana contained in the cellophane bag found on the floorboard was in plain view and was properly admitted into evidence. Officer Watson, having a right to be where he was, could observe, in plain view, the marihuana on the floor of the automobile. *Ellingsworth v. State*, 487 S.W.2d 108, 111 (Tex.Cr. App.1972).

Appellant complains of the admission of the 20 pounds of marihuana found in the trunk of the car. In *Esquivel v. State*, 595 S.W.2d 516, 529 (Tex.Cr.App.1980), we held that a judgment will not be reversed for the

admission of evidence that did not injure the defendant and the question is whether or not there is a reasonable possibility that the evidence complained of might have contributed to the conviction. In the instant case, the 14 ounces of marihuana found in plain view was sufficient to support appellant's conviction. Further, in light of the fact that appellant received the minimum sentence, two years, we find that the admission of the 20 pounds of marihuana found in the trunk did not injure the appellant.[1]

The judgment of the Court of Appeals and the trial court are affirmed.

ODOM, J., not participating.

ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge, dissenting.

I dissent because, having granted petition for discretionary review to determine a precise issue of law, the Court now fails and refuses to make that decision.

---

1. The record reflects that this sentence was the result of an agreement as to what punishment would be appropriate, reached by the parties after the jury had been discharged. No application for probation appears in the record. Originally appellant's indictment contained an enhancement paragraph which was abandoned by the State sometime after trial commenced.