The STATE of Texas, Appellant,

v.

Frank CARR, Appellee.

No. 3–88–217–CR.

Court of Appeals of Texas,
Austin.

June 28, 1989.

Ken Oden, Co. Atty., Alia Moses, Asst. Co. Atty., Austin, for State.

Nate Stark, Terrence W. Kirk, Austin, for appellee.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

ABOUSSIE, Justice.

The State appeals an order of the district court granting appellee's motion to suppress evidence. Tex.Code Cr.P.Ann. art. 44.01(a)(5) (Supp.1989). The underlying cause charged driving while intoxicated, second, Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (Supp.1989). We will affirm the trial court's order.

On May 19, 1988, Austin Police Department Officer Fred Spencer was on routine patrol duty. At approximately 1:29 a.m., Spencer drove south on Lamar Boulevard. He noticed appellee's white BMW traveling ahead of his vehicle in the inside lane. Spencer testified that the road curved to the left and that the vehicle drove "for a few seconds" with "the left side of his car in the gutter area, not hitting the curb, but just very, very close to bumping against the curb." He described the gutter as a twelve-inch wide concrete gutter with a drop of perhaps one-half inch where it joins the asphalt road surface. He testified that the vehicle weaved in its lane for the next six blocks and then drove left over the raised lane markers for three or four seconds. He described the markers as raised one-half to three-quarters of an inch off the road surface. Spencer then signaled appellee to pull over. Upon appellee's unsatisfactory performance of field sobriety tests, Spencer arrested him.

In a pretrial motion, appellee moved to suppress evidence obtained illegally or in violation of appellee's rights. After a hearing, at which both the officer and appellee's passenger testified, the trial court granted the motion to suppress. The order granting the motion states, in its entirety, "On this the 15 day of Sept., 1988, came on to be considered Defendant's Motion to Suppress and said motion is hereby granted as to all evidence that resulted from the stop."

The State first complains that the trial court erred in applying a probable cause standard to the facts justifying the initial stop. At the conclusion of the pretrial hearing, the court stated:

I am going to grant the motion to suppress. I don't find any probable cause for the initial stop of the vehicle and, therefore, all the evidence that results from that stop is ordered suppressed.

The judge's notation on the docket sheet also states that no probable cause for the stop was found. However, the order granting the motion does not reflect the standard applied. The State argues that the officer needed only an articulable suspicion to justify the stop. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

■ At a hearing on a motion to suppress evidence, the trial court, as trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and an appellate court must defer to the trial court's findings of fact absent a clear abuse of discretion. *Duff v. State*, 546 S.W.2d 283 (Tex.Cr.App. 1977). In this case, the court heard testimony from Spencer, as well as the testimony of appellee's passenger, who denied that appellee had woven in the lane, driven in the gutter, or driven over the lane markers. The court was free to believe all, none, or any part of either witnesses' version of the facts.

If the court used the probable cause standard, it erred in granting the motion to suppress only if the facts would have required denying the motion under the articulable suspicion standard. The record does not conclusively establish whether an articulable suspicion existed. The trial court may have believed the passenger's testimony. We are unwilling to conclude, based on the controverted evidence, that the trial court abused its discretion in granting the motion to suppress. We overrule the State's first point of error.

In its second point of error, the State complains that probable cause existed to justify appellee's arrest for driving while intoxicated. The trial court ruled only on whether probable cause existed to support the initial stop, not whether probable cause existed to arrest appellee. Without a trial court ruling, the issue is not presented for review. We overrule the State's second point of error.

The order of the trial court is affirmed.