The STATE of Texas, Appellant,

v.

Lonnil Del JONES, Appellee.

No. 07–89–0153–CR.

Court of Appeals of Texas,
Amarillo.

Oct. 31, 1989.

Rehearing Denied Nov. 28, 1989.

**524**

Chad Williams, Dist. Atty., Seymour, for appellant.

Paul Scott, Vernon, for appellee.

Before DODSON, BOYD and POFF, JJ.

POFF, Justice.

Appellee Lonnil Del Jones was indicted for theft of property worth more than $750 but less than $20,000, a third degree felony under Tex. Penal Code Ann. § 31.03(e)(4)(A) (Vernon 1989). The trial court granted appellee's motion to suppress illegally seized evidence, finding that a warrantless search of appellee's car was not justified under the inventory exception to the Fourth Amendment. The State has appealed from that order by a single point of error. We will sustain the State's point of error, reverse the order of the trial court, and remand the case for trial.

Shortly after midnight on New Year's Day 1989, DPS Trooper Jeff Aycock saw a car roll past a stop sign in Paducah. He stopped the car on a public parking lot at the northwest corner of the local courthouse. Appellee emerged from the car smelling of alcohol. After administering field sobriety tests, Aycock arrested appellee for DWI and arrested appellee's two passengers for public intoxication. The car was locked and left where it had been parked.

The three men were taken inside the courthouse, where appellee submitted to a breath test that showed he was intoxicated. Appellee was asked whether he wanted the car towed, or whether a deputy could drive the car to the local jail. Appellee gave permission for a deputy to drive the car. Neither of appellee's companions was per-

mitted to drive the car, since both were intoxicated. Appellee and his companions were then taken to the Cottle County Jail, located one block from the courthouse. While appellee was being booked into custody, Aycock found cigarette papers in appellee's billfold. Appellee asked Aycock whether Aycock had found any "dope" in the car, and whether appellee could call someone to pick up the car. Appellee was not permitted to make the call.

After appellee and his companions were safely ensconced in the jail, Aycock returned briefly to the courthouse, then went back to the car with Deputy Sheriff Randall Brockelman to conduct what Aycock termed an "inventory" to "protect [Aycock] and the deputy." He testified that the keys were in his possession and that he considered the car to be in DPS custody. Aycock used the keys to unlock the car, and looked in the front and back seats, the glove box, and the trunk. When the trunk was opened, he found a television set, VCR, and three gun cases containing firearms. The items were later determined to be stolen. After the "inventory" was completed, the car was driven to the jail and turned over to the Cottle County Sheriff's Department.

Although Aycock characterized the search of appellee's car as an inventory, we are not bound by his asserted justification for the search. *Nickerson v. State*, 645 S.W.2d 888, 891 (Tex.App.—Dallas), *affirmed*, 660 S.W.2d 825 (Tex.Crim.App. 1983). Our duty is to objectively evaluate the reasonableness of the search in light of the particular circumstances. The legitimacy of the search does not depend upon the subjective intent of the officer so long as the circumstances, viewed objectively, justify his action. *Scott v. United States*, 436 U.S. 128, 138, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168, 178 (1978).

■ A vehicle lawfully in police custody may be searched on the basis of probable cause to believe that it contains contraband, and there is no requirement of exigent circumstances to justify the warrantless search. *United States v. Johns*, 469

U.S. 478, 484, 105 S.Ct. 881, 885, 83 L.Ed.2d 890, 897 (1985); *Michigan v. Thomas*, 458 U.S. 259, 261, 102 S.Ct. 3079, 3080, 73 L.Ed.2d 750, 753 (1982). Probable cause exists when facts within the knowledge of the officer would lead a person of reasonable caution and prudence to believe that he would find evidence pertaining to a crime. *Delgado v. State*, 718 S.W.2d 718, 722 (Tex.Crim.App.1986). The search of a car may be justified by specific articulable facts that give probable cause to believe that contraband is concealed therein. *Id.* see also *United States v. Ross*, 456 U.S. 798, 808–09, 102 S.Ct. 2157, 2164–65, 72 L.Ed.2d 572, 583–84 (1982).

■ In this case, Aycock found cigarette papers, which can be used for rolling marihuana cigarettes, in appellee's billfold while booking appellee into custody. Appellee spontaneously inquired whether Aycock had found any "dope" in the car. Under the totality-of-the-circumstances analysis mandated by *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983), these facts created a fair probability that contraband in the form of narcotics would be found in the car, and gave Aycock probable cause to search for the contraband. Having probable cause, Aycock was not required to obtain a warrant under *United States v. Johns* and *Michigan v. Thomas, supra.* The discovery of stolen goods rather than narcotics was fortuitous; however, since the search was justified under the circumstances, the fruits of the search were admissible and should not have been suppressed.

The warrantless search was valid. The trial court erred in granting appellee's motion to suppress. The State's point of error is sustained, the order of the trial court is reversed, and the case is remanded for trial.