Clifton Sam **THOMAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–92–00942–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 15, 1993.

Kenneth P. Mingledorff, Houston, for appellant.

John B. Holmes, Jr., Kimberly Aperauch Stelter, Glenn Cook, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and COHEN, JJ.

## OPINION

MIRABAL, Justice.

Appellant's trial for possession of cocaine weighing less than 28 grams, TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(a), (b), 481.102(3)(D) (Vernon 1992), resulted in a hung jury. Pursuant to a plea bargain, appellant then pleaded no contest to the charge and true to two enhancement paragraphs. The trial court sentenced appellant to 25 years in prison, in conformity with the agreed recommendation of the prosecution and the defense. The plea bargain was expressly subject to appellant's right to appeal the denial of his pretrial motion to suppress, and appellant raises three points of error complaining of that ruling. We reverse and remand.

Appellant contends that the trial court committed reversible error in overruling his motion to suppress, reasoning that the evidence obtained through the search was inadmissible for three independent reasons: (1) there was no reasonable suspicion for the officers to detain him initially for an investigative stop; (2) there were no specific and articulable facts to warrant the officers' subsequent pat-down frisk as a limited self-protective search for weapons; and (3) the search conducted exceeded the permissible scope of a limited search for weapons in the absence of probable cause.

In the light most favorable to the trial court's ruling, *Daniels v. State,* 718 S.W.2d 702, 704 (Tex.Crim.App.1986), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 252 (1986), the evidence adduced at the suppression hearing shows the following.

Houston Police Officer Stein received information from a citizen complaint that narcotics trafficking was being conducted at a game room in the 2200 block of Sampson. The tip did not describe the suspects or state the particular time of the activity. Stein was familiar with that location, because the police had made a number of narcotics arrests there in the past. He and his partner responded by setting up surveillance for about 10 to 15 minutes to watch for such activity. The officers were there at approximately 1:00 p.m. They saw appellant and another man repeatedly emerge from the open door of the game room, walk out into the street, and look up and down the road as if they were waiting on a car or somebody else to arrive. Based on his experience with narcotics trafficking activity, Stein suspected that the two were either acting as lookouts for traffickers or were themselves engaging in trafficking.

On cross-examination, Stein testified that appellant and the other man were not walking together, other than "Just periodically. They were just hanging out." Stein and his partner had driven by before setting up surveillance, and neither appellant nor the other man attempted to flag them down. During their surveillance, Stein saw a few other cars pass, but did not see either man attempt to flag any of them down. He testified that their activity was consistent with the trafficking and selling of drugs, but was also consistent with someone looking for a ride, and said "That's why we decided to go up and talk to them."

Stein and his partner were in an unmarked vehicle and dressed in plain clothes. Before exiting the car, they put on their raid gear. Stein and his partner got out of their car, and identified themselves as police officers. Before any interrogation of appellant and the other man,

the officers patted down both men for weapons. Stein felt a hard, thin, cylindrical object in appellant's left front pocket, and he retrieved it. Stein testified:

> Q: [By Defense Counsel]: And can you describe what you claim to have found in his pocket?
>
> A: [By Stein]: It was a hard cylindrical object.
>
> Q: How long was it?
>
> A: Three to four inches.
>
> Q: Three to four inches long. Was that all there was to it?
>
> A: I'm sorry?
>
> Q: It was just a three to four inch long cylindrical object?
>
> A: Yes.
>
> Q: You felt that in his pocket?
>
> A: Yes.
>
> Q: Did it feel like a weapon to you?
>
> A: It felt like a pen or pencil.
>
> Q: You thought it was a pen or pencil and you were concerned that he might use that to hurt you?
>
> A: Yes. I always remove pens or pencils or keys.
>
> Q: All right. When you felt it in his pocket you didn't know what it was then, did you?
>
> A: No.

Stein reached into appellant's pocket, and pulled out an object he then recognized as a glass crack pipe with cocaine residue. Appellant was then arrested. The pipe later tested positive for cocaine.

■ The trial judge is the sole fact finder in connection with a motion to suppress and, as such, may choose to believe or disbelieve any or all of any witness's testimony. *Taylor v. State,* 604 S.W.2d 175, 177 (Tex.Crim.App. [Panel Op.] 1980). We must presume that the trial judge impliedly found facts in support of his ruling on the motion to suppress, and may not disturb any such finding that is supported by sufficient evidence. *Nickerson v. State,* 645 S.W.2d 888, 891 (Tex.App.—Dallas), *aff'd,* 660 S.W.2d 825 (Tex.Crim.App.1983); *see also Smith v. State,* 437 S.W.2d 835, 840 (Tex.Crim.App.1968), *affirmed in part and reversed in part,* 408 U.S. 934, 92

S.Ct. 2853, 33 L.Ed.2d 748 (1972), *on remand,* 490 S.W.2d 828 (Tex.Crim.App. 1972).

In *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 1884–85, 20 L.Ed.2d 889 (1968), the Supreme Court held that an officer may conduct an investigatory detention when he "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot[.]" *Terry* also authorizes an officer, without probable cause for an arrest, to conduct a limited search of the detainee's outer clothing for weapons when specific and articulable facts lead him reasonably to conclude that the person with whom he is dealing may be armed and dangerous. 392 U.S. at 21, 22, 88 S.Ct. at 1879–81.

■ For the purposes of this opinion, we assume, without deciding, that the investigative detention was lawful, and the circumstances justified a *Terry* search for weapons. However, the limited search for weapons authorized under *Terry* may be no more intrusive than is reasonably necessary to achieve its purpose; any more extensive search must be supported by probable cause, or it is illegal. *Terry,* 392 U.S. at 25–26, 88 S.Ct. at 1882–83; *Davis v. State,* 829 S.W.2d 218, 221 (Tex.Crim.App. 1992).

Here, Stein testified that when he felt something in appellant's pocket, he didn't know what the hard, thin cylindrical object was, but he thought it was a pen or pencil. Therefore, the disposition of this appeal turns upon whether it was reasonable for two armed police officers to fear a pen or pencil that appellant might retrieve from his pocket.

■ The purpose of a limited search for weapons following an investigative stop is not to discover evidence of a crime, but to allow the officer to pursue the investigation without fear of violence. *Wood v. State,* 515 S.W.2d 300, 306 (Tex.Crim.App. 1974). It is unlawful for an officer to remove the contents of a detainee's pocket after a pat down search that does not produce a reasonable suspicion that a weapon is being concealed. *Flores v. State,* 824

S.W.2d 704, 706 (Tex.App.—Corpus Christi 1992, pet. ref'd).

■ For the purposes of a limited *Terry* search by armed police officers, we hold that a suspicion that a pen or pencil is in a detainee's pocket does not constitute a reasonable suspicion that a weapon is being concealed. *See Davis,* 829 S.W.2d at 221; *Harris v. State,* 827 S.W.2d 49, 51–52 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd); *Flores v. State,* 824 S.W.2d at 706. Accordingly, we hold the removal of the object, which Officer Stein thought was a pen or pencil, from appellant's pocket, constituted an illegal search without probable cause. We sustain appellant's point of error three, and do not reach the merits of appellant's points of error one and two.

We reverse the judgment and remand the case to the trial court.