Gums v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00014-CR






Alonzo Gums, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT 


NO. 09-44776, HONORABLE LARRY FULLER, JUDGE PRESIDING






 

 A jury convicted appellant of aggravated robbery and aggravated kidnapping with
use of a deadly weapon and assessed punishment at 45 years' imprisonment. Tex. Penal Code
Ann. §§ 29.03, 20.04 (West 1994) (1). Appellant's sole point of error is that the trial court erred
in admitting his signed confession in evidence. We will affirm the judgment of conviction.



BACKGROUND


 Appellant was arrested at his home on May 27, 1994, for aggravated kidnapping
and aggravated robbery. Directly after his arrest, appellant was taken to a police substation where
he made a statement confessing to both offenses. The statement contained written Miranda
warnings at the top and was signed by appellant and two civilian witnesses. See generally
Miranda v. Arizona, 384 U.S. 436 (1966). Following a pretrial hearing on a motion to suppress
the written statements, the trial judge found that the confession was made knowingly,
intentionally, voluntarily, and of the appellant's own free will. At trial, appellant objected to the
introduction of this statement in evidence on the same grounds as in the pretrial hearing. The trial
court overruled the objection. 



DISCUSSION


 Appellant's sole point of error is that the trial court erred in admitting his signed
confession in evidence. Appellant claims that in order for a statement to be admissible in
evidence, an accused must knowingly, intelligently, and voluntarily waive his Miranda rights both
before and during issuance of the statement. Tex. Code Crim. Proc. Ann. art. 38.22, § 2(b)
(West 1979).

 In assessing the admissibility of evidence at a pre-trial suppression hearing, the trial
court is the sole judge of the credibility of the witnesses as well as the weight to be given to their
testimony. Miniel v. State, 831 S.W.2d 310, 315 (Tex. Crim. App. 1992), cert. denied, 113
S.Ct. 245 (1992); State v. Carr, 774 S.W.2d 379, 380 (Tex. App.--Austin 1989, no pet.). The
trial court may accept or reject all or any part of any witness's testimony. Alvarado v. State, 853
S.W.2d 17, 23 (Tex. Crim. App. 1993); Allridge v. State, 850 S.W.2d 471, 492 (Tex. Crim.
App. 1991), cert. denied, 114 S.Ct. 101 (1993). The trial court resolves all conflicts in the
testimony. Hawkins v. State, 853 S.W.2d 598, 600 (Tex. App.--Amarillo 1993, no pet.). An
appellate court must view the evidence in the light most favorable to the trial court's ruling at the
suppression hearing. Upton v. State, 853 S.W.2d 548, 553 (Tex. Crim. App. 1993); Spillman
v. State, 824 S.W.2d 806, 810 (Tex. App.--Austin 1992, pet. ref'd). If the trial court's findings
are supported by the record, an appellate court will not disturb the findings absent an abuse of
discretion. Cantu v. State, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991).

 The relevant circumstances that determine whether the defendant validly waived
his Miranda rights include length of detention, incommunicado or prolonged interrogation,
denying family access to a defendant, refusing a defendant's request to telephone a lawyer or
family, and physical brutality. Armstrong v. State, 718 S.W.2d 686, 693 (Tex. Crim. App.
1985). Additionally, the trial court should consider a defendant's characteristics and status, such
as mental capability, and police conduct. Id. The determination of whether a confession is
voluntary must be based on an examination of all the circumstances surrounding its acquisition. 
Id.

 At the pre-trial hearing, appellant testified that he requested to speak to his attorney
before he agreed to confess. He also testified that the officers told him that he would be held until
he confessed and that if he confessed it would help him get a better deal.

 The two arresting officers testified that they read appellant his Miranda rights when
he was arrested. A card entitled "Warning To Be Given Before Taking Any Oral or Written
Confession" lists the Miranda rights. The rights listed include the warnings that any statement
may be used as evidence against the accused in court and that the accused has the right to have
a lawyer present for advice before and during any questioning. Appellant's signature was on the
back of the card below the statement: "I have received and understood the warning on the other
side of this card. I agree to waive the Rights and to make a Statement." Below appellant's
signature is Officer Leach's signature as a witness. The officers also testified that they read
appellant his Miranda rights again before he made the statement. The Miranda rights are listed
at the top of the confession form. Immediately below is the statement: "I do hereby knowingly,
intentionally, and voluntarily waive my right to be silent and my right to have a lawyer present
to advise me. I make the following statement in writing without any threats or promises of any
kind having been made to me." Appellant's statement follows these warnings and waivers and
is signed by appellant and two civilian witnesses. 

 One officer testified that appellant mentioned that he had been arrested before and
that he presumed that appellant probably did have an attorney in that case. However, the officers
testified that appellant never indicated that he had an attorney in the instant case or that he wished
to speak with an attorney. 

 Furthermore, appellant signed the Miranda card at 4:50 p.m., and the confession
was reviewed and completed at 5:30 p.m. The timeframe indicates that appellant was neither
subjected to prolonged interrogation nor detained an unreasonable amount of time. 

 Appellant was in custody for a short period of time when he confessed. He twice
received his Miranda warnings. The confession contained all of the required warnings. Appellant
testified that he knew of his rights, but signed the statement anyway. There was no evidence of
physical brutality. Given the two officers' testimony, the signed statement, and the surrounding
circumstances, we cannot find that the court abused its discretion in finding that the appellant gave
the confession knowingly, intentionally and voluntarily.

 Appellant further contends that the police violated his Sixth Amendment right to
counsel when they continued the interrogation, knowing that he had an attorney in another case. 
Therefore, appellant argues, his confession was inadmissible. We disagree. The Sixth Amendment right to counsel is offense-specific and cannot be transferred from one offense
proceedings to another. McNeil v. Wisconsin, 501 U.S. 171, 175 (1991). In McNeil, the
defendant was arrested for one offense. After appearing in court with counsel for arraignment,
the defendant returned to jail where the police questioned him about three other crimes. He
eventually confessed to the three crimes. The Supreme Court held that just because he had an
attorney for the first offense, the defendant had not invoked his right to counsel for the other three
offenses. Id. at 181. 

 In the instant cause, one officer testified that appellant mentioned he had been
arrested before and that he presumed that appellant probably had an attorney in that case. The
relevant facts of the instant prosecution are analogous to those of McNeil. Therefore, we follow
the reasoning of the U.S. Supreme Court and hold that the police did not violate appellant's Sixth
Amendment right to counsel.



CONCLUSION


 We overrule appellant's sole point of error and affirm the trial court's judgment.



 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: November 22, 1995

Do Not Publish
1. [1]  This offense took place before September 1, 1994 and is governed by the law in effect at
the time the offense allegedly occurred. Because the code amendments effective September 1,
1994 have no substantive effect on this offense, we cite the current code for convenience.



trial hearing, appellant testified that he requested to speak to his attorney
before he agreed to confess. He also testified that the officers told him that he would be held until
he confessed and that if he confessed it would help him get a better deal.

 The two arresting officers testified that they read appellant his Miranda rights when
he was arrested. A card entitled "Warning To Be Given Before Taking Any Oral or Written
Confession" lists the Miranda rights. The rights listed include the warnings that any statement
may be used as evidence against the accused in court and that the accused has the right to have
a lawyer present for advice before and during any questioning. Appellant's signature was on the
back of the card below the statement: "I have received and understood the warning on the other
side of this card. I agree to waive the Rights and to make a Statement." Below appellant's
signature is Officer Leach's signature as a witness. The officers also testified that they read
appellant his Miranda rights again before he made the statement. The Miranda rights are listed
at the top of the confession form. Immediately below is the statement: "I do hereby knowingly,
intentionally, and voluntarily waive my right to be silent and my right to have a lawyer present
to advise me. I make the following statement in writing without any threats or promises of any
kind having been made to me." Appellant's statement follows these warnings and waivers and
is signed by appellant and two civilian witnesses. 

 One officer testified that appellant mentioned that he had been arrested before and
that he presumed that appellant probably did have an attorney in that case. However, the officers
testified that appellant never indicated that he had an attorney in the instant case or that he wished
to speak with an attorney. 

 Furthermore, appellant signed the Miranda card at 4:50 p.m., and the confession
was reviewed and completed at 5:30 p.m. The timeframe indicates that appellant was neither
subjected to prolonged interrogation nor detained an unreasonable amount of time. 

 Appellant was in custody for a short period of time when he confessed. He twice
received his Miranda warnings. The confession contained all of the required warnings. Appellant
testified that he knew of his rights, but signed the statement anyway. There was no evidence of
physical brutality. Given the two officers' testimony, the signed statement, and the surrounding
circumstances, we cannot find that the court abused its discretion in finding that the appellant gave
the confession knowingly, intentionally and voluntarily.

 Appellant further contends that the police violated his Sixth Amendment right to
counsel when they continued the interrogation, knowing that he had an attorney in another case. 
Therefore, appellant argues, his confession was inadmissible. We disagree. The Sixth Amendment right to counsel is offense-specific and cannot be transferred from one offense
proceedings to another. McNeil v. Wisconsin, 501 U.S. 171, 175 (1991). In McNeil, the
defendant was arrested for one offense. After appearing in court with counsel for arraignment,
the defendant returned to jail where the police questioned him about three other crimes. He
eventually confessed to the three crimes. The Supreme Court held that just because he had an
attorney for the first offense, the defendant had not invoked his right to counsel for the other three
offenses. Id. at 181. 

 In the instant cause, one officer testified that appellant mentioned he had been
arrested before and that he presumed that appellant probably had an attorney in that case. The
relevant facts of the instant prosecution are analogous to those of McNeil. Therefore, we follow
the reasoning of the U.S. Supreme Court and hold that the police did not violate appellant's Sixth
Amendment right to counsel.



CONCLUSION


 We overrule appellant's sole point of error and affirm the trial court's judgment.



 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: November 22, 1995