TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00699-CR






The State of Texas, Appellant



v.



Johnny Edward Ratliff, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF TOM GREEN COUNTY


NO. 96-01352L2, HONORABLE PENNY ROBERTS, JUDGE PRESIDING






 The trial court granted Johnny Edward Ratliff's motion to suppress evidence obtained on
the date of his arrest for the alleged offense of driving while intoxicated. The State appeals the trial court's
order, claiming the court erred in granting the motion to suppress. The trial court did not make explicit
findings of fact in support of its order; nevertheless, we find there is sufficient evidence in the record to
support an implicit finding upon which the trial court could conclude that Ratliff carried his burden of proof. 
We will affirm the order of the trial court granting Ratliff's motion to suppress.


BACKGROUND


 On April 20, 1996, two San Angelo police officers on DWI patrol began following Ratliff
after he pulled out of a bar parking lot. According to officers Moore and Foerster, Ratliff initially appeared
to turn toward them but then turned the opposite direction. The officers testified that about two blocks
from the bar, Ratliff made a wide turn and in so doing violated sections 545.101 (1) and 545.060 (2) of the
Transportation Code. Tex. Transp. Code Ann. (West Supp. 1997). The officers did not stop Ratliff
immediately but continued to follow him ten to fifteen blocks before stopping him. After investigation, the
officers arrested Ratliff, charging him with driving while intoxicated. At the suppression hearing, the trial
court granted Ratliff's motion to suppress. The trial court made no findings of fact, nor did the State
request any.


DISCUSSION


 At a hearing on a motion to suppress evidence, the trial court is the sole judge of the
credibility of the witnesses and weight of the testimony and can believe or disbelieve all or any part of the
testimony. See Taylor v. State, 604 S.W.2d 175, 177 (Tex. Crim. App. 1980); Thomas v. State, 853
S.W.2d 734, 736 (Tex. App.--Houston [1st Dist.] 1993, no pet.); State v. Carr, 774 S.W.2d 379, 380
(Tex. App.--Austin 1989, no pet.). In the absence of explicit findings of fact, "[w]e must presume that
the trial judge impliedly found facts in support of [her] ruling on the motion to suppress, and may not disturb
any such finding that is supported by sufficient evidence." Thomas, 853 S.W.2d at 736; see also
Nickerson v. State, 645 S.W.2d 888, 891 (Tex. App.--Dallas) (holding that appellate court will sustain
trial judge's ruling on motion to suppress upon any ground reasonably supported by all circumstances in
trial record), aff'd, 660 S.W.2d 825 (Tex. Crim. App. 1983). We grant great deference to the trial
court's conclusions when they are supported by the record: "[A]s a general rule, the appellate courts . .
. should afford almost total deference to a trial court's determination of the historical facts that the record
supports especially when the trial court's fact findings are based on an evaluation of credibility and
demeanor." Guzman v. State, No. 190-94 (Tex. Crim. App. Sept. 24, 1997).

 As the sole finder of fact at Ratliff's suppression hearing, the trial judge was free to assess
the credibility and weight of the testimony offered by officers Moore and Foerster. See Carr, 774 S.W.2d
at 380; Taylor, 604 S.W.2d at 177; Thomas, 853 S.W.2d at 736. After observing the demeanor of the
witnesses and hearing their testimony, the court ruled that Ratliff carried his burden of proof on the motion. 
We may presume that the court made an appropriate finding to support its ruling if there is sufficient
evidence to uphold such a finding. See Thomas, 853 S.W.2d at 736; see also Nickerson, 645 S.W.2d
at 891.

 The trial judge in this case could have relied on the following evidence in making her
decision: (1) officer Moore testified that Ratliff drifted several times within his lane after the wide turn, but
officer Foerster testified that Ratliff drifted up to fifty times within his lane; (2) despite Ratliff's allegedly
having committed two traffic violations, the officers waited at least ten blocks before stopping Ratliff; and
(3) the officers began to follow Ratliff only upon seeing him pull out of a bar parking lot. In light of the
evidence, the trial judge could have disbelieved the officers' testimony regarding the traffic violations as the
cause for the stop. Unless the court was persuaded that the traffic violations occasioned the stop, the court
could have concluded from the circumstances that the officers pulled Ratliff over solely because they saw
him leave a bar parking lot. Proximity to an establishment that sells liquor is not an adequate reason to stop
a driver. See Webb v. State, 695 S.W.2d 676, 677 n.1 (Tex. App.--Dallas 1985) (noting that character
of area, standing alone, not sufficient to justify traffic stop), aff'd, 739 S.W.2d 802 (Tex. Crim. App.
1987).

 We conclude there is sufficient evidence to support an implicit finding that the trial court
was not persuaded the traffic violations occasioned the stop. Because we give great deference to the trial
court's implicit finding of fact, we overrule the State's single point of error.


CONCLUSION


 We affirm the trial court's order granting Ratliff's motion to suppress evidence obtained
on the date of his arrest for the alleged offense of driving while intoxicated.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: October 23, 1997

Do Not Publish

1.   Section 545.101 provides in pertinent part: "(b) To make a left turn at an intersection, an operator
shall: (1) approach the intersection in the extreme left-hand lane lawfully available to a vehicle moving in
the direction of the vehicle. . . ." Tex. Transp. Code Ann. (West Supp. 1997).
2.   Section 545.060 provides in pertinent part: "(a) An operator on a roadway divided into two or more
clearly marked lanes of traffic: (1) shall drive as nearly as practical entirely within a single lane. . . ." Id.


dence." Thomas, 853 S.W.2d at 736; see also
Nickerson v. State, 645 S.W.2d 888, 891 (Tex. App.--Dallas) (holding that appellate court will sustain
trial judge's ruling on motion to suppress upon any ground reasonably supported by all circumstances in
trial record), aff'd, 660 S.W.2d 825 (Tex. Crim. App. 1983). We grant great deference to the trial
court's conclusions when they are supported by the record: "