In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-475 CR


____________________



WHITNEY ROBERTS, aka WHITNEY CHARLES ROBERTS, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 90292






MEMORANDUM OPINION


 A jury convicted Whitney Roberts, aka Whitney Charles Roberts, Jr., of possession
of a controlled substance. (1) Roberts pleaded true to an enhancement allegation and was
sentenced by the trial court to ten years' confinement in the Texas Department of Criminal
Justice, Institutional Division. From that judgment, Roberts brings this appeal. In a single
point of error, Roberts challenges the legal sufficiency of the evidence to support the jury's
verdict. 

 The record reflects that Officers Molfino and Abshire of the Port Arthur Police
Department were on patrol when they observed a pick-up truck traveling at a high rate of
speed in a residential area. They followed the vehicle and called in the license plate.
Dispatch replied that the registration was expired; so they proceeded to conduct a traffic stop.
The vehicle pulled quickly into a gas station/convenience store where the driver exited the
vehicle and walked quickly towards the store. The officers pulled up and Officer Molfino
approached the driver while Officer Abshire approached the truck. Officer Molfino informed
the driver why he was being followed and began the process of identifying him. Officer
Molfino observed the driver was extremely nervous and was visibly shaking and trembling. 
The driver identified himself as Whitney Roberts; he was not the registered owner of the
truck. Officer Molfino testified the fact that Roberts was not the registered owner aroused
his suspicion "[a] little bit" but his "demeanor and exit of the vehicle and trying to get away
and further the distance from himself and the vehicle was another thing that caught my
attention." Upon Officer Molfino's request, Roberts gave consent to search the vehicle. 
Officer Molfino advised Officer Abshire that Roberts had given consent when Abshire was
approximately five or six steps from the truck. Officer Abshire looked in the vehicle,
observed what he believed to be crack cocaine; and advised Officer Molfino to take Roberts
into custody. An unknown substance and a vanilla-extract bottle were retrieved from the
truck. The items were about twelve to fifteen inches from the driver on the bench seat,
within reach of and visible to someone in the driver's seat. The substance was determined
to be cocaine and the bottle contained Phencyclidine, (PCP). Officer Molfino testified
Roberts admitted the dope was his, and that Roberts, "went into a spill on how he couldn't
go to jail for it. That he was down on his luck and he had gotten fronted the dope and if we
got him some more money, he could go back and get the guy that he got it from." 

 In reviewing legal sufficiency of the evidence, we consider "whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt." Jackson v.
Virginia, 443 U. S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). As essential
elements of unlawful possession of a controlled substance, the State must prove (1) the
defendant exercised actual care, control, and management over the contraband; and (2) the
defendant knew the substance in his possession was contraband. King v. State, 895 S.W.2d
701, 703 (Tex. Crim. App. 1995). Possession is defined as "actual care, custody, control or
management." Tex. Pen. Code Ann. §1.07 (a) (39) (Vernon 2003).

 Possession may be proven by circumstantial evidence. McGoldrick v. State, 682
S.W.2d 573, 578 (Tex. Crim. App. 1985). "Mere possession of a vehicle in which
contraband is found, without additional facts and circumstances connecting the accused to
the contraband, will not support a conviction for possession." See Jones v. State, 963 S.W.2d
826, 830 (Tex. App.--Texarkana 1998, pet. ref'd).

 Roberts was not the owner of the vehicle but was the sole occupant and had exclusive
control of the vehicle. See Nickerson v. State, 645 S.W.2d 888, 892 (Tex. App.--Dallas
1983), aff'd, 660 S.W.2d 825 (Tex. Crim. App. 1983). The items were in plain view and
easily accessible to him. Roberts appeared extremely nervous and acknowledged the "dope"
was his.

 The facts and circumstances of this case are such that a rational juror could have found
beyond a reasonable doubt Roberts exercised care, control, custody or management over the
contraband and knew the substance in his possession was contraband. Viewing the evidence
in the light most favorable to the verdict, the jury could have found Roberts' connection with
the controlled substance was "more than just fortuitous." Brown v. State, 911 S.W.2d 744,
747 (Tex. Crim. App. 1995). Roberts' point of error is overruled and the judgment of the
trial court is affirmed.

 AFFIRMED.

 ________________________________

 CHARLES KREGER

 Justice


Submitted on April 12, 2005 

Opinion Delivered July 13, 2005

Do not publish


Before Gaultney, Kreger, and Horton, JJ.

1. The judgment mistakenly refers to article 481.115(d) of the Texas Penal Code rather
than the Texas Health & Safety Code.